**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Victoriano DeJesus PENA, Defendant–Appellant.**

No. 01–10069.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Filed Jan. 9, 2003.

**1154**

Frances A. Forsman, Federal Public Defender, Las Vegas, NV, for the defendant-appellant.

Nancy Davis, Assistant United States Attorney, Las Vegas, NV, for the plaintiff-appellee.

Before: TASHIMA, THOMAS, and PAEZ, Circuit Judges.

## OPINION

TASHIMA, Circuit Judge.

Victoriano DeJesus Pena appeals his conviction and the sentence imposed following his guilty plea to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Pena challenges the validity of his guilty plea, contending that the district court failed to comply with Federal Rule of Criminal Procedure 11. We agree with Pena that the plea proceeding failed to comply with Rule 11 and therefore reverse his conviction. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.[1]

## BACKGROUND

Pena was indicted in a superseding indictment on three counts of distribution of

---

**1.** We reject the government's contention that Pena waived his right to appeal. "[W]aivers of appeal must 'stand or fall with the agreement of which they are a part.' " *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir.1999) (quoting *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir.1995)). "If the agreement is voluntary, and taken in compliance with Rule 11, then the waiver of appeal must be honored. If the agreement is involuntary or otherwise unenforceable, then the defendant is entitled to appeal." *Id.* (quoting *Wen-*

*ger*, 58 F.3d at 282). Because we conclude that the plea agreement is unenforceable due to the failure to comply with Rule 11, Pena is entitled to appeal. We note, moreover, that the district court did not inform Pena of his appellate rights and did not verify his intent to forfeit them during the plea colloquy, as it was required to do under Fed.R.Crim.P. 11(c)(6). In fact, the waiver of the right to appeal was never mentioned at all during the plea hearing by defense counsel, the prosecutor, or the court.

a controlled substance, one count of conspiracy to distribute a controlled substance, and two counts of possession with intent to distribute a controlled substance. Pena entered into a plea agreement, pursuant to which he agreed to plead guilty to count five of the superseding indictment, possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1).

At the change of plea hearing, the district court asked Pena's counsel whether Pena understood the plea agreement and whether Pena waived the reading of the indictment. The court then inquired of Pena, presumably through the Spanish interpreter, whether he had read the plea agreement and discussed it with his lawyer. The court then had the prosecutor summarize the plea agreement, after which it asked Pena whether the summary corresponded with his understanding of the agreement. The court explained the possible sentence and fine, the procedures regarding the Presentence Report, the court's lack of discretion under the sentencing guidelines, and the possible imposition of costs and penalties. The court asked Pena how he pled and whether he was induced to plead guilty by promises or threats.

The court explained the rights Pena was waiving by pleading guilty—the rights to a jury trial, to cross-examine witnesses and to bring witnesses, and to remain silent. The court then asked Pena's counsel whether he, the attorney, understood and agreed with the statement of the elements as set forth in the plea agreement. Finally, before accepting the plea, the court asked Pena whether he agreed with the facts set forth in the plea agreement in support of the guilty plea, whether the facts were accurate, and whether he sold cocaine to the officer in question. The court sentenced Pena to 274 months of

imprisonment. Pena filed a timely notice of appeal.

## STANDARD OF REVIEW

 The adequacy of a Rule 11 plea colloquy is subject to de novo review. *United States v. Minore,* 292 F.3d 1109, 1115 (9th Cir.2002). Because Pena did not object below to the Rule 11 colloquy, his conviction may be reversed for Rule 11 error only if the district court committed plain error. *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002); *Minore,* 292 F.3d at 1117. "There must be an 'error' that is 'plain' and that 'affects substantial rights.' " *Minore,* 292 F.3d at 1117 (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). If these requirements are met, we may exercise our discretion to correct the error only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *Olano,* 507 U.S. at 732, 113 S.Ct. 1770).

## DISCUSSION

 Federal Rule of Criminal Procedure 11

> obliges the trial court to engage the defendant in a colloquy at the time the plea is entered for the purpose of establishing a complete record of the constitutionally-required determinations that the defendant is acting voluntarily, with an understanding of the charges which have been leveled at him, and upon a factual basis which supports his conviction.

*United States v. Jimenez–Dominguez,* 296 F.3d 863, 866(9th Cir.2002). Rule 11 requires the court to "address the defendant personally in open court and inform [him] of, and determine that the defendant understands . . . the nature of the charge to which the plea is offered." Fed.R.Crim.P.

11(c)(1). "A statement by the defendant and his attorney that they discussed the nature of the charge is ... insufficient to satisfy Rule 11(c), because vague references to discussion of 'the charges' and 'the nature of the charges' does not provide a complete record showing compliance with Rule 11(c)." *United States v. Portillo–Cano,* 192 F.3d 1246, 1251(9th Cir.1999) (quoting *United States v. Smith,* 60 F.3d 595, 598 (9th Cir.1995) (internal quotation marks omitted)).

▮ The plea colloquy failed to comply with Rule 11 because the district court never explained to Pena the nature of the charges against him. Merely asking Pena whether he had read the plea agreement and asking his attorney whether the attorney, *not* Pena, understood and agreed with the elements of the offense is insufficient. *See id.* (stating that assurances that at some point the defendant and his attorney had discussed the nature of the charge "cannot cure the judge's failure to do so in open court"); *cf. United States v. Kennell,* 15 F.3d 134, 137 (9th Cir.1994) (stating that "courtroom recitals that the defendant has read the agreement simply do not take the place of the judge's telling the defendant what it means to enter" a guilty plea under Rule 11(e)(1)(B)). Defense counsel did state that Pena waived the reading of the indictment; however, a "waiver of the reading of the indictment does not excuse the district court's obligation to explain the nature of the charges against [the defendant]." *United States v. Odedo,* 154 F.3d 937, 940 (9th Cir.1998), *abrogated on other grounds by Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90.[2]

Moreover, even though the court asked Pena whether the prosecutor's summary of the plea agreement "correspond[ed] with" Pena's understanding of the agreement,

the prosecutor's only reference to the offense was to state that"[t]he defendant agrees to plead guilty to Count Five of the indictment, possession with intent to distribute a controlled substance, in violation of [21 U.S.C. § 841]." She then went on to discuss sentencing issues; she did not mention the elements of the offense or the facts that supported a guilty plea. Merely naming the charge against Pena is " 'inadequate [because it] did not inform the defendant of the *nature* (as opposed to the formal legal description) of the charges against him.' " *United States v. Longoria,* 113 F.3d 975, 977 (9th Cir.1997) (quoting *United States v. Bruce,* 976 F.2d 552, 560 (9th Cir.1992)), *rev'd on other grounds by Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90.

▮ ▮ The district court's only reference to the charge against Pena was at the beginning of the plea hearing, when he informed Pena that he was entering a guilty plea to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841. This "cursory recitation of the charge in no way informed [Pena] of the 'nature' of the crime ... to which he would plead guilty." *Bruce,* 976 F.2d at 559. "A trial judge fails to satisfy his obligation under Rule 11 when, as here, he does not fully inform the defendant of the meaning and application 'of legal argot and other legal concepts that are esoteric to an accused....' " *Id.* at 560(quoting *United States v. Coronado,* 554 F.2d 166, 172 (5th Cir.1977)). "This is not a case in which the district judge merely failed to utter verbatim some magical words. The required advisement was not given in any form." *United States v. Graibe,* 946 F.2d 1428, 1434 (9th Cir.1991). The plea colloquy therefore was deficient.

---

**2.** *Odedo* and similar cases were overruled by *Vonn* to the extent that they relied on the harmless error standard for a Rule 11 error

not raised in the district court. The analysis regarding whether there was a Rule 11 violation in the first place is still good law.

The government responds that the charge against Pena was outlined in the plea agreement. However, we rejected this reasoning in *Smith.* In *Smith,* as here, the provision of the plea agreement describing and explaining the crime "was not recited or even referred to in the plea proceeding." 60 F.3d at 599. We rejected the government's attempt to rely on the plea agreement to explain the nature of the charge, stating that, "[i]n the end, the government's argument is reduced to the fact that, at some point outside of the plea proceeding, [the defendant] was probably informed of the charge." *Id.* As we reasoned in *Smith,* the reason that Rule 11 requires the judge to address the defendant in open court is

> to create a record complete on its face, to forestall later attacks on the plea. Even if we assume (without deciding) that the judge may delegate to defense counsel the responsibility to explain the charge, it is necessary that counsel inform the defendant in open court, so that in reviewing the record we may know what was said to the defendant.

*Id.* at 598 (citation omitted).

"Because there is a marked difference between being warned in open court by a district judge and reading some boilerplate language during the frequently hurried and hectic moments before court is opened for the taking of pleas and arraignments, the reading of the plea agreement

is no substitute for rigid observance of Rule 11." *Kennell,* 15 F.3d at 136. We accordingly reject the government's contention that the language in the plea agreement itself is sufficient to satisfy the requirements of Rule 11.

■ The plea colloquy did not satisfy the requirements of Rule 11. This is error, and it is plain. Moreover, "[t]he defendant's right to be informed of the charges against him is at the core of Rule 11, which exists to ensure that guilty pleas are knowing and voluntary." *Longoria,* 113 F.3d at 977. This failure to satisfy a core concern of Rule 11 therefore affected Pena's substantial rights.[3] *See id.* (holding that the defendant's substantial rights were violated because the district court failed to inform the defendant of the charge against him and failed to explain the nature of the charge when accepting the plea); *see also Minore,* 292 F.3d at 1119–20 (concluding that the defendant's substantial rights were affected by the district court's failure to inform him that he had a right to make the government prove drug quantity to a jury beyond a reasonable doubt); *United States v. Camacho,* 233 F.3d 1308, 1314 (11th Cir.2000) (stating that "a district court's failure to satisfy any of the core objectives[4] of Rule 11 affects a defendant's substantial rights and, thus, can constitute plain error"), *cert. denied,* 532 U.S. 951, 121 S.Ct. 1423, 149

---

3. This case is not like *Jimenez–Dominguez,* in which we declined to rely on the "core values" analysis articulated by the Eleventh Circuit only because the defendant did not demonstrate that any of the core values had been implicated. *See Jimenez–Dominguez,* 296 F.3d at 869–70. In contrast to the failure in this case to satisfy a core concern of Rule 11, the defendant in *Jimenez–Dominguez* alleged only a minor, technical shortcoming in the plea proceeding. *See id.* at 867–69(stating that the district court's failure to inquire specifically about prior discussions between the government and the defendant or his attorney

deviated from Rule 11(d), but that this was only a "literal deviation from the words prescribed in Rule 11" and that the colloquy was otherwise "scrupulous").

4. The three core objectives are " '(1) ensuring that the guilty plea is free from coercion; (2) ensuring that the defendant understands the nature of the charges . . .; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea.' "*Jimenez–Dominguez,* 296 F.3d at 869 (quoting *Camacho,* 233 F.3d at 1314).

L.Ed.2d 363 (2001); *United States v. Quinones*, 97 F.3d 473, 475 (11th Cir.1996) (per curiam) (holding that the district court's failure to satisfy the core concern that the defendant understood the nature of the charge against him violated the defendant's substantial rights and constituted plain error).

The error also " 'seriously affects the fairness, integrity or public reputation of judicial proceedings.' " *Minore*, 292 F.3d at 1117 (quoting *Olano*, 507 U.S. at 732). We held in *Minore* that the defendant failed to fulfill this final requirement because he had "unequivocally admitted" the quantity of drugs "in his plea agreement, during his plea colloquy and at his sentencing hearing." *Id.* at 1120. Similarly, on remand from the Supreme Court, we held in *United States v. Vonn*, 294 F.3d 1093 (9th Cir.2002), that the defendant failed to meet this burden because the defendant had been advised of his right to counsel at his initial appearance and arraignment, and, "[o]n both occasions, [he] affirmed that had received and understood his rights." *Id.* at 1094.

By contrast, here, neither the court nor the prosecutor ever set forth the nature of the charges against Pena. Furthermore, following the prosecutor's summary of the plea agreement, the court asked Pena's attorney, not Pena, whether *the attorney* understood and agreed with the statement of the elements of the offense as set forth in the plea agreement. The defendant's right to be informed of the nature of the charges is so vital and fundamental that it cannot be said that its omission did not affect his substantial rights and the fairness, integrity, or public reputation of judicial proceedings. The district court's wholesale failure to comply with the requirements of Rule 11 requires that we reverse Pena's conviction.[5] *Cf. United States v. DePace*, 120 F.3d 233, 236 (11th

Cir.1997) (stating that the district court's failure to address one of the core concerns of Rule 11 requires automatic reversal).

**REVERSED and REMANDED.**

---

**5.** Because we reverse Pena's conviction, we do not reach the sentencing issues he raises.