Michael LYNCH, an individual,
Plaintiff—Appellant,

v.

TRENDWEST RESORTS INC,
Defendant—Appellee.

No. 01–35909.

D.C. No. CV–00–00329–MJP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2003.

Decided April 18, 2003.

Before D.W. NELSON, THOMAS, Circuit Judges, and PREGERSON, District Judge.*

MEMORANDUM**

Michael Lynch appeals the district court's judgment entered in his suit for copyright infringement suit against Trendwest Resorts, Inc. ("Trendwest") following a jury trial. We affirm. Because the parties are familiar with the factual and procedural history of this appeal, we need not recount it here.

I

The district court properly determined that (1) Lynch's suit was one seeking indirect, rather than direct, profits as damages for infringement, and (2) that summary judgment was appropriate on the indirect profits claim. As we noted in *Mackie v. Rieser*, 296 F.3d 909, 911 (9th Cir.2002), 17 U.S.C. § 504(b) erects a two-prong "profits" structure, treating "direct" and "indirect" profits distinctly. "Direct" profits, we explained, are "those that are generated by selling an infringing product," *id.*; "indirect" profits, in counterpoint, are defined as "revenue that has a more attenuated nexus to the infringement." *Id.; see, e.g., Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 487 (9th Cir.2000); *Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 886 F.2d 1545, 1550 (9th Cir.1989), *cert. denied,* 494 U.S. 1017, 110 S.Ct. 1321, 108 L.Ed.2d 496 (1990). The district court correctly determined that Lynch's claim is for "indirect" profits because he was not seeking a portion of the profits that Trendwest derived from direct sales of the videotape containing the infringing material. Rather, the profits at issue were generated from the sale of time share condominiums. Thus, the district court correctly construed this as an indirect profits case. *See May v. Watt,* 822 F.2d 896, 901 (9th Cir.1987) ("The damages theoretically available [ ][ ] under the category 'infringer's profits,' are best understood in this context as being a claim for 'indirect profits.' Here the defendant's did not actually *sell* May's plans to some third party ....") (emphasis in original).

As a plaintiff seeking "indirect" profits under § 504(b), Lynch was required to "proffer some evidence to create a triable issue regarding whether the infringement at least partially caused the profits that the infringer generated as a result of the infringement." *Mackie,* 296 F.3d at 911. "[S]ufficient non-speculative evidence [of a connection] between the infringement and the profits generated indirectly," we have noted, is necessary to sustain an "indirect" profits claim. *Id.* at 914, 916. Lynch proffered insufficient specific, nonconjectural evidence upon which a finder of fact could construct an "indirect" profits damage analysis. Indeed, Trendwest supplied the direct evidence tendered in the case, which consisted of affidavits stating that, based on comparative data, there were no additional sales gained or lost through the use of the promotional video. Lynch urges us to infer the requisite proof from the facts; however, *Mackie* requires more. *Id.* Given the state of the record, the district court's summary judgment decision in favor of Trendwest on Lynch's profits claim was proper. In light of the absence

* The Honorable Dean D. Pregerson, United States District Judge in and for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of direct proof, we need not opine as to what quantum of proof would be necessary to avoid summary judgment.

## II

Lynch also appeals the jury's finding of non-infringement as to Trendwest's uses of certain videos. However, he did not preserve this issue for appellate review because he did not move for judgment as a matter of law at the close of the evidence and renew the motion after the verdict. *Humetrix, Inc. v. Gemplus S.C.A.,* 268 F.3d 910, 923 (9th Cir.2001) (emphasis in original), *citing, Desrosiers v. Flight Int'l of Florida, Inc.,* 156 F.3d 952, 956–57 (9th Cir.1998). Thus, we review for plain error. *See, e.g., United States v. Morfin,* 151 F.3d 1149, 1151 (9th Cir.1998). To reverse for plain error, we must find "an 'error' that is 'plain' and that 'affects substantial rights.' " *See United States v. Pena,* 314 F.3d 1152, 1155 (9th Cir.2003). If the threshold requirements are satisfied, we must also conclude that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* No plain error infected the relevant portions of the jury's verdict; rather, it was a reasonable evaluation of the evidence proffered, and it in no way detrimentally affected Lynch's "substantial rights." *Id.*

**AFFIRMED.**