UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Manuel FIGUERROA–GUZMAN,
aka Alexis Santana–Garcia
Defendant–Appellant.

No. 02–10075.

D.C. No. CR–01–143–PMP(RJJ).

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided July 23, 2003.

Before CANBY, O'SCANNLAIN, and
T.G. NELSON, Circuit Judges.

MEMORANDUM **

Jose Manuel Figuerroa–Guzman appeals his guilty plea conviction and sentence for entering the United States without permission after a previous deportation in violation of 8 U.S.C. § 1326, on the ground that the district court failed to inform him of the nature of the charge, as required by Fed.R.Crim.P. 11(b)(1)(G). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Figuerroa–Guzman did not lodge any objection during the plea colloquy, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002). We conclude that any irregularity in the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

plea proceedings did not rise to the level of plain error, and we accordingly affirm.

The plea proceedings were quite brief. There was no specific explanation by the district court of the *nature* of the charge, as required by *United States v. Pena*, 314 F.3d 1152 (9th Cir.2003), which was decided after the district court accepted the plea and imposed sentence in this case. There are several reasons, however, why this possible omission did not rise to the level of plain error, as it did in *Pena*. The offense involved here was reentry after deportation, which is a simpler crime than possession of a controlled substance with intent to distribute, which was involved in *Pena*. During the plea proceedings, the district judge essentially described the elements of the offense in two statements: (1) "I'm advised that you're prepared to enter a plea of guilty to the charge of unlawful reentry of a deported alien, a violation of Title 8, U.S.Code, Section 1326," and (2) "how do you plead to the charge that you illegally reentered the United States after having previously been deported." Although these references may not explain how the elements of the offense applied to Figuerroa–Guzman's case in the manner preferred by *Pena*, 314 F.3d at 1156, they were sufficient to convey the nature of this rather simple charge. Figuerroa–Guzman conceded at his original arraignment that he had been provided with the indictment and that it had been explained to him in Spanish. *See Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (finding that providing a defendant with a copy of the indictment prior to plea hearing "give[s] rise to a presumption that the defendant was informed of the nature of the charge against him."). In regard to the factual basis for his guilty plea, Figuerroa–Guzman admitted that he had been removed from the United States to Mexico on May 18, 2000, and that he had come back into the United States without permission. Finally, Figuerroa–Guzman made an apology at sentencing that identified all the critical elements of his crime and acknowledged that the performance of those acts was against the law. Taken as a whole, these factors indicate that Figuerroa–Guzman knew the nature of the charges, and any deficiency in explanation at his plea proceeding accordingly did not affect his "substantial rights" as required for a plain-error reversal. *See Vonn*, 122 S.Ct. at 1046 (holding that defendant has burden of satisfying plain-error rule and that reviewing court may consult whole record in considering effect of any error on substantial rights).

We also reject Figuerroa–Guzman's other arguments. His contention that the district court did not comply with Rule 11 when it failed to inform him of the possible consequences of a violation of his terms of supervised release is unpersuasive. *See United States v. Fuentes–Mendoza*, 56 F.3d 1113, 1116 (9th Cir.1995). His argument that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed, as Figuerroa–Guzman himself concedes, by our decision in *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000).

AFFIRMED.