

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2004

# USA v. Austin

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2640

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Austin" (2004). *2004 Decisions.* Paper 1079.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1079

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2640

UNITED STATES OF AMERICA

v.

LAMONT AUSTIN,
Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 01-cr-00291-2)
District Court Judge:  Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2004

Before:  SLOVITER, RENDELL and ALDISERT, Circuit Judges.

(Filed: January 21, 2004)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Lamont Austin pled guilty to a single count of unlawful possession and

distribution of crack cocaine.  The District Court sentenced him to a term of

imprisonment of 240 months.  Austin appeals, requesting that we reverse and remand the

judgment of conviction based on the District Court's violation of Rule 11 of the Federal Rules of Criminal Procedure. Specifically, Austin contends that, at his guilty plea colloquy, the District Court failed to inform him that were he to plead not guilty, he would have the right to assistance of counsel at trial and the opportunity to confront and cross-examine witnesses at trial. Austin asserts that this omission amounted to a plain error that affected his substantial rights.

The District Court had jurisdiction by virtue of 18 U.S.C. § 3231, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

Austin pled guilty to a single count of distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Although Austin faced up to life imprisonment for his original charges, the plea agreement provided for a maximum of 20 years imprisonment. At Austin's guilty plea proceeding, while represented by counsel, the District Court did not inform Austin that if he instead went to trial, he would have the right to counsel and to confront any adverse witnesses.

Because Austin did not object below to the Rule 11 colloquy, his conviction may be reversed only if the District Court committed plain error. United States v. Vonn, 535 US. 55 (2002); United States v. Dixon, 308 F.3d 229, 233-34 (3d Cir. 2002). To demonstrate a commission of plain error, Austin shoulders the burden to satisfy a four-part test. Austin must show that (1) the error was committed; (2) the error was clear and obvious; and, (3) that the error affected his substantial rights. Dixon, 208 F.3d at 234.

Having satisfied these elements, we may exercise our discretion to reverse a conviction only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting United States v. Stevens, 223 F.3d 239 (3d Cir. 2000)).

Before accepting a guilty plea, a district court must, in open court, inform a defendant of the rights and consequences that attach to a decision to forgo a trial. Fed. R. Crim. P. 11(b). In particular, Austin argues that the District Court violated Rule 11(b)(1)(D) and (E), which require a court to inform a defendant of "the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding" and "the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses." The Government concedes that the District Court did not heed to Rule 11(b)(1)(D) and (E). Consequently, Austin has established the first element of the legal test, i.e., that an error was committed.

We need not labor over the second element, as to whether the District Court's error was clear and obvious, for we are certain that Austin has not satisfied the third critical element of the test, which requires a showing that the error affected his substantial rights. Arguing in circular fashion, Austin contends that the District Court's failure to declare his rights to counsel and confrontation affected his substantial rights because he was not made aware of those rights. But, of course, under this approach, a mere violation of Rule 11(b) would satisfy this third element. The law, however, requires more.

3

An error that affects substantial rights is an error that results in prejudice to the defendant. See United States v. Knobloch, 131 F.3d 366, 370 (3d Cir. 1997) ("It must have affected the outcome of the district court proceedings." (quoting United States v. Olano, 507 U.S. 725, 734 (1993)). "In this context, the defendant must prove that, were it not for the plain error committed by the District Court at the time of his plea, the outcome of the proceedings *would* have been different." Dixon, 308 F.3d at 234. In Dixon, the district court mistakenly informed the defendant that he faced up to 40 years in jail, when the maximum penalty was 10 years. Although the defendant asserted that he *might* have pled not guilty and faced a trial but for the district court's error, we held that this was insufficient to establish prejudice. To prevail, the defendant had to "clearly and unmistakably assert[] that had he been correctly informed of the sentence he faced, he *would*, in fact, have pled not guilty and gone to trial." Id. at 235. By contrast, Austin does not even imply that the District Court's error resulted in his choice to plead guilty. Absent any assertion that his decision to plead guilty would have been different because of the District Court's omission, we conclude that the error did not substantially affect Austin's rights.

Having found that Austin failed to demonstrate that his rights were substantially affected, we need not consider the fourth element, whether the error "seriously affected the fairness, integrity or public reputation of judicial proceedings." Id. at 235-36 (quoting United States v. Wolfe, 245 F.3d 257, 262 (3d Cir. 2001)). Therefore, we decline to find

4

plain error with respect to Austin's plea.[1]  Accordingly, the judgment of conviction will

be AFFIRMED.

---

[1]Austin refers us to cases in which Rule 11 omissions amounted to plain error. United States v. Pena, 314 F.3d 1152 (9th Cir. 2003) (failure to inform defendant of the nature of the charges against him); United States v. Benitez, 310 F.3d 1221 (9th Cir. 2002), cert. granted, 72 U.S.L.W. 3121 (U.S. Dec. 8, 2003) (No. 00-50181) (failure to inform defendant that he could not withdraw a guilty plea if the court rejected the sentencing recommendation in the plea agreement); United States v. Reyes, 300 F.3d 555 (5th Cir. 2002) (failure to inform defendant of the sentencing guidelines).  These decisions from other circuits neither bind us nor are they relevant to the instant case.  In Pena, the defendant was not informed, either by the district court or the prosecutor, of the nature of the charges against him.  The Court of Appeals for the Ninth Circuit merely followed an earlier decision that held that "[t]he defendant's right to be informed of the charges against him is at the core of Rule 11, which exists to ensure that guilty pleas are knowing and voluntary. . . ."  United States v. Longoria, 113 F.3d 975, 977 (9th Cir. 1997).  Fundamentally, one cannot be said to knowingly plead guilty to charges about which one has not been properly informed.  We cannot see how Pena would apply to the District Court's omission in Austin's case.  And, in Benitez, the Court of Appeals "based [its] conclusion on the underlying principle that a defendant's substantial rights are not compromised if he receives the sentence for which he bargained." 310 F.3d at 1225 (noting that "if a court imposes the recommended sentence, its Rule 11 error is 'merely technical'").  By contrast, Austin's guilty plea, negotiated by his counsel, secured him a 20-year sentence when he faced life imprisonment.  It cannot be said that he did not receive the sentence for which he bargained.  Finally, the Court of Appeals for the Fifth Circuit's decision in Reyes turned on the defendant's showing that he would not have pled guilty if not for the District Court's error.  300 F.3d at 561. Austin, however, has made no such allegation, let alone a showing that he would have pled otherwise.  None of these decisions compel us to find plain error here.

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ Marjorie O. Rendell
Circuit Judge