**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Larry AGOSTO, Defendant—Appellant.**

No. 02–50397.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 2004.

Decided May 5, 2004.

Maura Quinn, USSD—Office of the U.S. Attorney, Carol C. Lam, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Plaintiff–Appellee.

Steven F. Hubachek, Esq., FDCA— Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM *

Larry Agosto ("Agosto") appeals his 130–month sentence and conviction following his guilty plea for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. During the plea colloquy, the magistrate judge misstated the *mens rea* requirement, "knowingly or intentionally" importing marijuana, 21 U.S.C. § 960, by equating strong suspicion with knowledge or deliberate ignorance. *See United States v. Jewell*, 532 F.2d 697, 702–04 (9th Cir.1976) (en banc) (holding, in a case involving importation of a controlled substance, that "knowingly" does not require positive knowledge, but rather includes "deliberate ignorance"). After the magistrate misstated the *mens rea* requirement, Agosto admitted only suspicion, but neither knowledge nor deliberate ignorance, that the car he was driving contained marijuana. Because the plea must be vacated for failure to comply with Federal Rule of Criminal Procedure 11, we reverse and remand.

We review de novo whether the plea is valid. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir.2000). We must determine whether Agosto's "guilty plea failed to comply with the requirements of Rule 11 because the trial judge did not explain the nature of the charges." *Unit-*

ed States v. Portillo–Cano, 192 F.3d 1246, 1248 (9th Cir.1999); *accord United States v. Pena*, 314 F.3d 1152, 1154 n. 1 (9th Cir.2003). Rule 11 requires that, before the court accepts a guilty plea, "the court must address the defendant personally in open court . . . and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Fed.R.Crim.P. 11(b)(1)(G). Because Agosto did not object below to the Rule 11 colloquy, his conviction may be reversed for Rule 11 error only if the district court committed plain error that affected his substantial rights. *Pena*, 314 F.3d at 1155 (citations and quotations omitted). Agosto's substantial rights are affected if he can "prove[ ] that the court's error was not minor or technical and that he did not understand the rights at issue when he entered his guilty plea." *United States v. Minore*, 292 F.3d 1109, 1118 (9th Cir.2002).

After the magistrate in this case initially explained the elements of the charge and the government's burden of proof, the transcript states that Agosto gave "[n]o audible response" when asked if he understood. Later in the proceedings, the magistrate judge misstated the *mens rea* requirement on the importation charge.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. THE COURT: Did you know that? Did you know that there was marijuana concealed in the car?

    THE DEFENDANT: I thought it was— they told me it was tequila bottles.

    MS GABRIELIDIS: Your Honor, can I have just a second?

    THE COURT: Sure.

(Pause.)

    THE DEFENDANT: Yes.

    THE COURT: I'll be [sic.] what she told you is, "Look, if you don't provide a

factual basis for your guilty plea, the judge won't take it," right?

THE DEFENDANT: Yes.

THE COURT: That's true. In other words, I don't want you to say anything that's not true.

THE DEFENDANT: Okay.

THE COURT: But on the other hand, you have to convince me that you're actually guilty of this charge, that you're not just pleading guilty to get the benefits of a good recommendation from the government. In other words, I have to be convinced that either you **knew or strongly suspected** that there was marijuana in the car that day when you drove it across. Is

The magistrate's error was never corrected. The error was plain, as mere suspicion, strong or otherwise, is clearly inadequate to establish the requisite *mens rea* for the crime of conviction. *See Jewell,* 532 F.2d at 702–04.

The transcript shows that Agosto's substantial right to a knowing and voluntary guilty plea was affected. Agosto apparently failed to understand the nature of the charges because of the magistrate's error. In response to the magistrate judge's explanation, Agosto agreed only that he "suspected" that marijuana was in the car, but at no point before entering the guilty plea did he admit orally that he knew there was marijuana in the car he drove across the border.[2] Instead, his consistent position during the plea colloquy was that he was told that he was importing tequila bottles and only suspected that he was in fact importing marijuana.

The magistrate's misstatement of the *mens rea* element resulting in Agosto's failure to understand the charge requires us to invalidate the plea, reverse the conviction, and remand the case. *See Pena,* 314 F.3d at 1157 (holding that failure to explain the *mens rea* element of a crime constituted plain error and required reversal because the *mens rea* element is essential to understanding the nature of the charge before knowingly and voluntarily

entering a plea agreement in compliance with Rule 11).

**REVERSED and REMANDED.**

KLEINFELD, Circuit judge, dissenting.

I respectfully dissent.

Although I agree that the magistrate judge's plea colloquy was inadequate, I do not agree that it affected Agosto's "substantial rights," as plain error review requires.[1] Agosto has not proven that he "did not understand the rights at issue when he entered his guilty plea."[2] He signed a plea agreement in which he acknowledged (1) that he understood that an element of the offense is that he "knew that it was marijuana or some other prohibited drug;" and (2) that he drove a vehicle across the border that he "knew concealed marijuana." These express acknowledgments by Agosto, in writing, with the assistance of counsel, sworn to by Agosto under penalty of perjury, avoid any harm to his substantial rights from the inadequacy of the colloquy.[3]

---

that true? Did you **know or did you strongly suspect?**
THE DEFENDANT: **I suspected it.**
THE COURT: Okay . . .
E.R. 28–29 (emphasis added).

2. The government initially took the position at oral argument that Agosto's substantial rights were not affected because he had already admitted, at his border interview, that he knew there was marijuana in the car. Without deciding whether such an admission necessarily obviates a later error in informing a defendant of the elements during a Rule 11 colloquy, we note that, as government counsel

acknowledged after reading the transcript of the interview aloud, Agosto made no such explicit admission.

1. *United States v. Minore,* 292 F.3d 1109, 1118 (9th Cir.2002).

2. *Id.* at 1119.

3. *Id.* ("In ascertaining the defendant's understanding of the rights at issue, we are not restricted to the record of the plea colloquy.").