852

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gonzalo Rosario HERNANDEZ,
Defendant—Appellant.**

No. 04–50474.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 16, 2005.

Shanna L. Dougherty, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Paul W. Blake, Esq., Law Offices of Lee Plummer, Bonita, CA, for Defendant–Appellant.

Before: REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM **

Gonzalo Rosario Hernandez appeals his 30–month sentence imposed following a guilty plea to bringing in illegal aliens without presentation, in violation of 8 U.S.C. § 1342(a)(2)(B)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand for resentencing.

As an initial matter, we reject the government's contention that this appeal should be dismissed because Hernandez waived his right to appeal. While Hernandez's plea agreement does contain an appeal waiver, such a waiver "will not bar an appeal where the defendant's guilty plea was not taken in compliance with Rule 11 of the Federal Rules of Criminal Procedure." *United States v. Jeronimo,* 398 F.3d 1149, 1153 n. 2 (9th Cir.2005). Here, the district court failed to inform Hernandez of his appellate rights and did not verify his intent to forfeit these rights during the plea colloquy, as required by Fed.R.Crim.P. 11(b)(1)(N). Accordingly, the appeal waiver is invalid. *See United States v. Pena,* 314 F.3d 1152, 1154 n. 1 (9th Cir.2003).

Hernandez contends that his sentence is unconstitutional under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the fact of his prior convictions was not admitted by Hernandez nor proved to a jury beyond a reasonable doubt. This argument is foreclosed by *United States v. Quintana–Quintana,* 383 F.3d 1052, 1053 (9th Cir. 2004), which held that *Blakely* did not disturb the "prior conviction" exception to the *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), rule. *See also United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) ("Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).

Hernandez next contends that the six-level enhancement he received, pursuant to U.S.S.G. § 2L1.1(b)(5), for intentionally or recklessly creating a substantial risk of

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

death or serious bodily injury is unconstitutional. As part of his plea agreement, Hernandez stipulated that the U.S.S.G. § 2L1.1(b)(5) enhancement would apply to him, and admitted to facts that formed its basis. Hernandez's sentence was not based on any judicial fact-finding, and thus, there was no Sixth Amendment violation. *See United States v. George,* 420 F.3d 991, 1002 (9th Cir.2005).

Nonetheless, because Hernandez was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906 (9th Cir.2005).

REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

