**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Isau MEDINA–AISPURO, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Isau Medina–Aispuro, Defendant— Appellant.**

**No. 05–30158, 05–30159.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Judith R. Harper, Esq., USME—Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Thomas E. Price, Esq., Salem, OR, Brian Michaels, Esq., Eugene, OR, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Isau Medina–Aispuro appeals from his 87–month sentence imposed following his guilty plea convictions for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326, and distribution of five or more grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm and remand.[1]

Appellant contends that his plea was not knowing or voluntary because he did not sign the plea letter until sentencing. We disagree. The totality of the circumstances surrounding the plea indicate that appellant was fully aware of (1) the direct consequences of pleading guilty, and (2) his alternative options, and the court complied with Fed.R.Crim.P. 11 during the plea colloquy. *See United States v. Kaczynski,* 239 F.3d 1108, 1114 (9th Cir.2001). Accordingly, appellant's plea was voluntary. *See Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Appellant's remaining contentions are belied by the record.

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand case number 05–30158 to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED TO CORRECT JUDGMENT.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We reject the government's contention that appellant's appeal waiver is valid and enforceable. *See United States v. Pena,* 314 F.3d 1152, 1154 n. 1 (9th Cir.2003) ("We note, moreover, that the district court did not inform Pena of his appellate rights and did not verify his intent to forfeit them during the plea colloquy, as it was required to do.").

