**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Juan FIERRO–TORRES, aka Eleno Reyes Gill, Defendant– Appellant.**

**No. 06–10069.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2007.*

Filed Oct. 15, 2007.

Robert L. Ellman, Esq., Pamela A. Martin, USLV–Office of the U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

Jose Juan Fierro–Torres, Safford, AZ, pro se.

Chad A. Bowers, Esq., Law Offices of Chad A. Bowers, Ltd., Las Vegas, NV, for Defendant–Appellant.

Before: GIBSON,** TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM ***

Jose Juan Fierro–Torres ("Fierro") appeals his conviction following a guilty plea

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). He contends that the district court's failure to advise him of the nature of the charge during the change-of-plea hearing, as required by Fed.R.Crim.P. 11, constitutes reversible plain error. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm Fierro's conviction.[1]

As the government concedes, the district court committed Rule 11 error by failing to recite the elements of distribution of methamphetamine and to confirm that Fierro understood them.[2] This "is 'error, and it is plain.'" *United States v. Covian–Sandoval,* 462 F.3d 1090, 1095 (9th Cir.2006) (quoting *United States v. Pena,* 314 F.3d 1152, 1157 (9th Cir.2003)).

Reversal of Fierro's conviction, however, is not warranted because he has not shown "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). In other words, Fierro–Torres has failed to show the required "causal link" between the Rule 11 violation and his decision to plead guilty, *id.* at 85, 124 S.Ct. 2333, so as to satisfy us that "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding," *id.* at 83, 124 S.Ct. 2333, (citations and quotation marks omitted).

Although Fierro contends in support of his argument that the strength of the government's case is "unclear," he does not discuss the elements of the crime or point to any evidence in the record to support this assertion. An examination of the record reveals that, contrary to Fierro's unsupported assertion, the government's case was strong. Fierro was involved in the sale of drugs to an undercover officer and admitted facts establishing all three elements of the distribution of methamphetamine in the plea agreement and at the change-of-plea hearing. In light of this evidence, "one can fairly ask a defendant seeking to withdraw his plea what he might ever have thought he could gain by going to trial," which "tends to show that the Rule 11 error made no difference to the outcome here." *Id.* at 85, 124 S.Ct. 2333.

Fierro also contends that "there is nothing to indicate what possible defenses [he] may [have] had." We reject this argument as justification for reversal because it is the defendant's burden to establish a probability that he would not have pled guilty but for the Rule 11 error, not to speculate upon such a possibility. He must point to defenses *apparent from the record* that suggest that a Rule 11 warning would likely have had "an effect on [his] assessment of his strategic position." *Id.* Fierro has failed to carry this burden.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**

---

1. Because the parties are familiar with the facts of the case, we do not recite them except to the extent necessary to aid in understanding this disposition.

2. Before accepting a guilty plea, "the court must inform the defendant of, and determine that the defendant understands ... the nature of each charge to which the defendant is pleading." Fed.R.Crim.P. 11(b)(1)(G).