**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10078 |
| Plaintiff-Appellee, | D.C. No. 4:18-cr-02201-JGZ-BGM-1 |
| v. | |
| PEDRO GARDUNO-DIAZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted January 24, 2020
San Francisco, California

Before:  W. FLETCHER and R. NELSON, Circuit Judges, and SESSIONS,**
District Judge.

Pedro Garduno-Diaz appeals a final sentencing order imposed following his

guilty plea to a charge of illegal reentry into the United States in violation of 8

U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

reverse in part and remand the decision below.

Garduno-Diaz submits that the district court failed to comply with requirements under Federal Rule of Criminal Procedure 11(b)(1) and (2) in the administration of his plea hearing in plain error. We find plain error as to the Rule 11(b)(2) plea colloquy omissions.

At the change of plea hearing, the magistrate judge asked Garduno-Diaz whether he was entering a plea of guilty voluntarily, to which he answered "yes." However, the magistrate judge did not make any further inquiries to confirm Garduno-Diaz's competence and intelligence to enter a plea of guilty. Nor did the district court ask Garduno-Diaz whether he was pleading as a result of force, threats, or promises. The district court also did not ask him any questions regarding his education, his mental and physical health, any medications he was taking, or whether he was under the influence of any substance.

The district court's omissions under Rule 11(b)(2) constitute an error that was "plain" and that affected "substantial rights." *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) (citation omitted). Rule 11(b)(2) requires that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." By leaving out any and all inquiries regarding promises, threats, or force, as well as

follow-up questions going to show competence, the magistrate judge plainly failed to abide by Rule 11(b)(2)'s requirement that the judge establish the voluntariness of a plea for the record.

Additionally, we hold that this failure affected a substantial right. As we held in *United States v. Fuentes-Galvez*, Case No. 18-10150, slip op. at 7-9 (9th Cir. Aug. 10, 2020), a court's failure to establish on the record that a plea is voluntary and not the product of force, threats, or promises is inherently prejudicial. By failing to make any inquiries that would confirm that Garduno-Diaz was competent and intelligent to enter the plea at the time of the hearing, the magistrate judge could not have known that Garduno-Diaz's decision to enter a guilty plea was voluntary without making improper assumptions as to Garduno-Diaz's competence. *See United States v. Kamer*, 781 F.2d 1380, 1384 (9th Cir. 1986) ("The requirement that the trial judge adequately inquire of the defendant, at the plea proceeding, as to the nature of the charge effectuates the purposes of Rule 11 and the policy of efficient judicial administration."). Garduno-Diaz need only show there was a reasonable probability that the error may have affected his decision to plead — he need not make a showing that such a change was more likely than not. *United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005).  By establishing that he was not asked inquires required by Rule 11(b)(2), Garduno-Diaz has made such a showing.

Finally, the magistrate judge's plain error was sufficiently serious to impinge on "the fairness, integrity or public reputation of judicial proceedings." *Pena*, 314 F.3d at 1155 (internal quotation marks and citation omitted). The voluntariness of a guilty plea is a constitutional requirement under the Due Process Clause of the Fifth Amendment, triggering serious cause for concern where violations of Rule 11 may risk undermining its just administration. *See McCarthy v. United States*, 394 U.S. 459, 465 (1969). The magistrate judge's plain error violation prevented the court from establishing the constitutionality of Garduno-Diaz's plea, which is crucial to maintaining the fairness and public reputation of these proceedings. We reverse and remand the conviction.

**REVERSED AND REMANDED.**