NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RAUL FLORES-VILLALVASO,<br><br>Defendant-Appellant. | No.    20-10039<br><br>D.C. No.<br>4:19-cr-01504-CKJ-DTF-1<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RAUL FLORES-VILLALVASO,<br><br>Defendant-Appellant. | No.    20-10040<br><br>D.C. No.<br>4:15-cr-00977-CKJ-DTF-1 |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted November 17, 2020[**]
Phoenix, Arizona

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Before: TALLMAN, BYBEE, and BADE, Circuit Judges.

Defendant-Appellant Raul Flores-Villalvaso appeals his conviction by guilty plea and sentence to a term of twenty-four months' imprisonment for attempted illegal reentry after removal in violation of 8 U.S.C. § 1326, as well as his consecutive twenty-one-month sentence for violation of supervised release conditions arising from a prior conviction for attempted illegal reentry. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Flores-Villalvaso first argues that he was misinformed of the elements of the offense of attempted illegal reentry because the magistrate judge misstated the mens rea element of "specific intent" in 8 U.S.C. § 1326 as "conscious desire" at the plea colloquy, thereby violating Federal Rule of Criminal Procedure 11(b)(1)(G)'s requirement that the defendant understand the nature of the charge to which he pleads. Because Flores-Villalvaso did not object below to the Rule 11 colloquy, his conviction may be reversed for Rule 11 error only if the district court committed plain error. *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003).

Attempted illegal reentry in violation of 8 U.S.C. § 1326 is a crime of specific intent "requir[ing] a finding that the defendant *consciously desired* to reenter the United States without consent." *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1195, 1198 (9th Cir. 2000) (en banc) (emphasis added). Thus, by reciting the specific intent element in terms of "conscious desire," the magistrate judge fulfilled

2

her duty to inform Flores-Villalvaso of the nature of his illegal reentry charge in compliance with Rule 11(b)(1)(G). *See United States v. Covian-Sandoval*, 462 F.3d 1090, 1095 (9th Cir. 2006). Then, immediately after explaining the nature of the charge, the magistrate judge asked Flores-Villalvaso if he understood "what the government would have to prove" and if he understood the charge. Flores-Villalvaso responded to both questions affirmatively and unequivocally with "Yes." Because the magistrate judge made the "investment of time and effort necessary to set forth the meaning of the charges and to demonstrate on the record that the defendant underst[ood]," *United States v. Kamer*, 781 F.2d 1380, 1385 (9th Cir. 1986), no plain error occurred.

Even assuming the magistrate judge erred, however, the alleged error is not reversible given the absence of any indication that the error affected Flores-Villalvaso's substantial rights or the "fairness, integrity or public reputation of judicial proceedings." *United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir. 2002) (citation omitted). "Taking into account both the colloquy and the complete record," there is no indication that Flores-Villalvaso "actually lacked understanding of his straightforward crime." *Covian-Sandoval*, 462 F.3d at 1095. At the plea hearing, the magistrate judge recited the elements of the offense to him in language mirroring the indictment, and he admitted the factual basis for the plea. At sentencing, the district court confirmed Flores-Villalvaso was able to discuss

3

the presentence report with counsel, he did not object to the presentence report, and his counsel even remarked that he could not "stand here in good conscience and tell the Court that Mr. Flores-Villalvaso will not return to the United States" given Flores-Villalvaso's twenty-seven prior removals and twenty-one previous voluntary returns to Mexico. In the context of an "easily understood crime" like this one, the record indicates that Flores-Villalvaso "adequately 'possesse[d] an understanding of the law in relation to the facts.'" *Id.* at 1096 (alteration in original) (quoting *United States v. Portillo-Cano*, 192 F.3d 1246, 1251 (9th Cir. 1999)). In any event, even if we were to conclude that Flores-Villalvaso was confused about the nature of the charge, he has failed to show reversible error as he has not established a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Flores-Villalvaso next argues that his total forty-five-month consecutive sentence is substantively unreasonable because it was based on a "highly overrepresented" criminal history category of VI composed solely of convictions for improper entry, illegal reentry, and attempted reentry. "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish [18 U.S.C.] § 3553(a)(2)'s sentencing goals." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (internal quotation marks and

4

citation omitted). We review the substantive reasonableness of a sentence, "whether objected to or not at sentencing," for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009).

Here, "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Ressam*, 679 F.3d at 1089 (citation omitted). While Flores-Villalvaso argues that his sentence is "greater than necessary" to achieve § 3553(a)'s goal of protecting the public since he has never committed any violent crimes or crimes against the public, the "weight to be given the various [sentencing] factors in a particular case is for the discretion of the district court." *United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009).

In this case, the district court noted Flores-Villalvaso's "complete disregard for the immigration laws of the United States," remarking that he is "absolutely determined to come here without legal permission." The district court also considered that Flores-Villalvaso's previous sentences had no deterrent effect, found the United States Sentencing Guidelines ("Guidelines") range reasonable without any objection from either party, and even remarked that the Guidelines calculations were "very favorable" to Flores-Villalvaso given his criminal history. Based on these considerations, the district court imposed a sentence of twenty-four-months' imprisonment for attempted illegal reentry, at the low end of the

Guidelines range, as well as a consecutive twenty-one-month sentence for violation of his supervised release conditions—also at the low end of the Guidelines range. The district court did not abuse its discretion in doing so.

**AFFIRMED.**