NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYLER REVELS,

Defendant - Appellant.

No. 23-1239

D.C. No.
3:21-cr-00403-VC-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted February 12, 2025[**]
San Francisco, California

Before: VANDYKE and JOHNSTONE, Circuit Judges, and CHRISTENSEN, District Judge.[***]

Defendant-Appellant Tyler Revels appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm the judgment of the district court.

Where, as here, "a defendant fails to object to a [Fed. R. Crim. P. 11] violation, [this Court] review[s] for plain error." *United States v. Ferguson*, 8 F.4th 1143, 1145 (9th Cir. 2021). Plain error is "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003) (quoting *United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir. 2002)). This Court will not vacate a defendant's guilty plea unless the defendant demonstrates that there is a "'reasonable probability that, but for the error, [the defendant] would not have entered the plea.'" *Ferguson*, 8 F.4th at 1146 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding." *Dominguez Benitez*, 542 U.S. at 83 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Revels argues that the district court failed to confirm that Revels's guilty plea was knowing and voluntary by not asking follow up questions after learning that Revels was taking medication at the time of his plea. However, Revels does not assert—let alone demonstrate—that, but for the district court's alleged error, Revels would not have entered the plea. Accordingly, we conclude that the district

court did not plainly err in accepting Revels's guilty plea.

**AFFIRMED.**