**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank JIMENEZ–DOMINGUEZ, a.k.a. Ramon Santos, a.k.a. Frank Martin Jimenez, a.k.a. Frank Jimenez, a.k.a. Frank Dominquez Jimenez, Defendant–Appellant.**

No. 99–50760.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2002.

Filed July 22, 2002.

---

Wayne Young, Santa Monica, California, for defendant-appellant Frank Jimenez–Dominguez.

John S. Gordon, Ronald L. Cheng, and Daniel Saunders, Office of the United States Attorney, Los Angeles County, for plaintiff-appellee the United States of America.

Before THOMAS and RAWLINSON, Circuit Judges, and ARMSTRONG, District Judge.*

## OPINION

ARMSTRONG, District Judge.

Frank Jimenez–Dominguez ("Jimenez") appeals his conviction and sentence for a violation of 8 U.S.C. section 1326. Jimenez contends that his conviction should be reversed because the district court failed to inquire whether his guilty plea was the result of discussions between the United States and him or his attorney as required by Federal Rule of Criminal Procedure 11(d).[1] He also asserts that his sentence should be vacated under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the trial court enhanced his sentence upon a finding that he was previously convicted of an "aggravated felony."

During the pendency of the appeal, the United States Supreme Court rendered its decision in *United States v. Vonn*, —— U.S. ——, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), which held that an appellate court reviews Federal Rule 11 transgressions for plain error where a defendant fails to object to the violation in the trial court. Thus, we must decide whether the district court's deviation from Rule 11(d) constitutes plain error. Because Jimenez has failed to demonstrate that the transgression affected his substantial rights, we find no plain error. Moreover, we conclude that the error does not seriously affect the integrity or fairness of the plea, or the public reputation of the proceedings. Finally, as we held in *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir. 2000), the use of "aggravated felonies" to enhance Jimenez's sentence does not offend *Apprendi*. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. Appellant, Frank Jimenez–Dominguez, was arrested in Los Angeles, California, on November 23, 1998. During an interview with a case agent from the Immigration and Naturalization Service, Jimenez stated that he was born in and is a citizen of Mexico. It was also determined that the United States had previously deported Jimenez four times and that he had returned to the United States on each occasion without first securing the permission of the United States Attorney General. The Presentence Report prepared by the United States Probation Office disclosed that Jimenez had suffered thirteen criminal convictions, six of which were aggravated felonies under 8 U.S.C. section 1101(a)(43).

On December 11, 1998, Jimenez was indicted on one count of violating 8 U.S.C. section 1326. He pled not guilty. On

---

* The Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation.

1. All further references to "Federal Rule" or "Rule" shall refer to the Federal Rules of Criminal Procedure unless otherwise indicated.

August 5, 1999, Jimenez informed the Honorable Christina A. Synder, United States District Judge for the Central District of California, of his intention to enter a guilty plea. There was no plea agreement with the Government. The court engaged the defendant in the colloquy required by Federal Rule 11(c)(6); however, it failed to specifically inquire whether the plea was the result of prior discussions between the Government and Jimenez or his counsel. The court found that Jimenez's guilty plea was freely and voluntarily made and, therefore, accepted the plea and found him guilty of violating 8 U.S.C. section 1326. Jimenez raised no objection to the trial court's Rule 11 failings. At the subsequent sentencing hearing on November 23, 1999, the district court found that Jimenez had previously been convicted of aggravated felonies and imposed a sentence consisting of an eighty-six month term of imprisonment, three years of supervised release, and a special assessment in the amount of $100.00.

## II. RULE 11(d) VIOLATION

### A. Applicable Law

Federal Rule of Criminal Procedure 11 governs the district court's acceptance of a guilty plea and specifies the procedures a court must employ to accept the plea. Rule 11 obliges the trial court to engage the defendant in a colloquy at the time the plea is entered for the purpose of establishing a complete record of the constitutionally-required determinations that the defendant is acting voluntarily, with an understanding of the charges which have been leveled at him, and upon a factual basis which supports his conviction. Pursuant to Rule 11(h), variances from the procedures of Rule 11 are disregarded if they do not affect the substantial rights of the defendant. Fed.R.Crim.P. 11(h). The harmless error standard, which imposes the burden upon the government to show that the error had no effect on the defendant's substantial rights, applies to any transgression of Rule 11 which was raised before the trial court. However, the Supreme Court recently held in *United States v. Vonn*, —— U.S. ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002), that a defendant who raises a Rule 11 error for the first time on appeal may obtain reversal predicated upon the violation only by showing that there was plain error. Thus, we must determine whether Jimenez has met his burden in demonstrating plain error.

### B. Plain Error Standard under Rule 52(b)

Rule 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Fed.R.Crim.P. 52(b). The Supreme Court has established a two-step test to determine what transgressions may be noticed under Rule 52(b):

> [First, there] must be an "error" that is "plain" and that "affect[s] substantial rights." [Second], Rule 52(b) leaves the decision to correct the forfeited error within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' "

*United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citing *United States v. Young*, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). The burden is upon the defendant to demonstrate that the error affected his substantial rights. *See United States v. Minore*, 292 F.3d 1109, 1118 (9th Cir.2002); *Olano*, 507 U.S. at 734, 113 S.Ct. 1770. Only after a defendant satisfies this "heavy

burden" does the reviewing court consider whether to exercise its discretion to notice the forfeited error because it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Sager*, 227 F.3d 1138, 1145 (9th Cir.2000) (citing *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)) (alterations and internal quotation marks omitted).

### 1. *"Error" which is "plain"*

 The Court in *Olano* advised that any deviation from a legal rule is an "error" and that "plain" is synonymous with clear or obvious. *Olano*, 507 U.S. at 733–34, 113 S.Ct. 1770. In this case, there is no dispute that the district court's failure to inquire specifically about prior discussions between the government and Jimenez or his attorney deviated from Federal Rule 11(d). That rule provides,

> The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. *The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.*

Fed.R.Crim.P. 11(d) (emphasis added). Moreover, the court's failure to conform to the rule was salient given the Rule's express provisions requiring such an inquiry. Thus, the question presented is whether Jimenez can establish that the omission affected his substantial rights.

### 2. *Substantial Right*

 In order for an error to affect a substantial right, it must be prejudicial, i.e., the error "must have affected the out-come of the district court proceedings." *Olano*, 507 U.S. at 734, 113 S.Ct. 1770. The burden is upon the defendant to make a "specific showing of prejudice." *Id.* at 735, 113 S.Ct. 1770. We have recently explained that,

> [F]or purposes of plain error review we shall consider a Rule 11 violation to have affected a defendant's substantial rights only when the *defendant* proves that (1) the district court's error was not minor or technical *and* that (2) the defendant did not understand the rights at issue when he entered his guilty plea.

*Minore*, 292 F.3d 1109, 1117. This is the same substantive inquiry the reviewing court makes to determine whether a lower court's error was harmless; the only difference is that the burden is shifted to the defendant. *See id.* The defendant is entitled to present any evidence in the record in attempting to meet this burden. *See Vonn*, —— U.S. ——, 122 S.Ct. at 1055, 152 L.Ed.2d 90.

 The first question is whether Jimenez can demonstrate the error is not technical or minor. In general, Federal Rule 11 is designed to ensure that a plea of guilty is knowing and voluntary. *See United States v. Longoria*, 113 F.3d 975, 977(9th Cir.1997) *rev'd on other grounds in Vonn*, —— U.S. ——, 122 S.Ct. at 1055, 152 L.Ed.2d 90. One of the purposes of the Rule 11(d) colloquy "is to determine whether or not promises have been made by the government, and what those promises are." *United States v. Michlin*, 34 F.3d 896, 899 (9th Cir.1994) (citing Fed. R.Crim.P. 11(d), Commentary to 1974 Amendment); *see also Santobello v. New York*, 404 U.S. 257, 261–62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) ("The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known.").

It is axiomatic that a court must make highly specific findings of a defendant's state of mind. The duty to inquire into discussions with the government is designed to uncover any promises, inducements, or understandings the defendant *thinks* he has with the government which are premised upon formal or informal communications and which may influence his decision to plead guilty.[2] For example, it is not uncommon that the defendant, and more likely his attorney, will engage in wide-ranging discussions with the government from the inception of the criminal process. Whether or not the government intends by its comments to make a promise to a defendant or to otherwise induce a guilty plea is not as important as whether the *defendant* has interpreted the discussions in such a fashion. The possibility of a misunderstanding may be heightened when the defendant does not directly participate in the discussions, but rather, relies upon the representations of counsel. Thus, the inquiry into "prior discussions" is intended to enable the court to determine whether the plea is knowing and voluntary after identifying and discussing all communications between the parties which may have a bearing on the defendant's decision to enter the guilty plea.

Other Circuits have similarly recognized the broad purpose of the Rule 11(d) inquiry. The Second Circuit, for example, has articulated three major purposes for Rule 11(d):

[F]irst ... to make certain that the plea is indeed voluntary; ... second ... to disabuse the defendant of any misconception he may have that anyone but the court has the authority to determine what his sentence will be; and third, to preserve the integrity of the plea by eliminating the basis for a later claim by the defendant that the plea was defective.

*United States v. Basket,* 82 F.3d 44, 47–48 (2d Cir.1996) (quoting *United States v. Gonzalez,* 820 F.2d 575, 579(2d Cir.1987)) (alterations in original). Similarly, the Eighth Circuit has noted that the inquiry about prior discussions is particularly important where a defendant has not participated in the bargaining process and, thus, there is a greater potential that he has relied upon what his attorney has disclosed from the discussions with the government. *See United States v. Scharf,* 551 F.2d 1124, 1129 (8th Cir.1977).

In this case, however, Jimenez has failed to make a specific showing that the court's deviation from Rule 11(d) was something other than a minor or technical error or that he did not understand his rights at issue. We find that the district court's otherwise scrupulous compliance with Rule 11, coupled with the defendant's responses during the colloquy, demonstrates the technical nature of the violation and further attests to Jimenez's state of mind. The relevant portion of the colloquy included the following:

THE COURT: Are you pleading guilty in this case freely and voluntarily?

THE DEFENDANT: Yes.

THE COURT: Are you pleading guilty because you are guilty and for no other reason?

---

2. The Government contends that *Michlin* provides that the sole purpose of Rule 11(d) is to ensure that no promises were made other than those contained in a plea agreement. However, such a narrow reading of *Michlin* is inappropriate. The Government's argument does not account for situations in which there is no plea agreement. Moreover, if the Government is correct, then the second sentence of Rule 11(d), which requires a judge to "also inquire" about any "prior discussions" between the attorney for the government and the *defendant or his attorney, is superfluous* to the preceding sentence which mandates questioning about promises. Rather, as discussed above, the meaning of "discussions" in Rule 11(d) is intended to capture a broader range of communications.

THE DEFENDANT: Yes.

*THE COURT: Has anyone threatened, coerced you or anyone close to you, or forced you to plead guilty?*

*THE DEFENDANT: No.*

*THE COURT: Has anyone made any promises or assurances of any kind to you or anyone close to you ithat induced you to plead guilty?*

*THE DEFENDANT: No.*

The district court also queried Jimenez about his satisfaction with his counsel's advice and whether he discussed the charges, possible punishment, facts, and defenses with his attorney. In response to the court's inquiry into the reason he was changing his plea, Jimenez stated "[b]ecause that's the crime I committed." Finally, before accepting the plea, the district court again inquired whether any promises had been made.

*THE COURT: Has—Mr. Jimenez—Dominguez, has anyone made any promise to you as to what your sentence will be in this case?*

*THE DEFENDANT: No.*

THE COURT: I want to give you one more chance to reenter this guilty plea and to withdraw it, because as I said, once you enter it it's going to stick unless something happens that I can't imagine.

THE DEFENDANT: Go forward.

Although it is difficult to probe the highly subjective state of mind of a criminal defendant, the best evidence of his understanding when pleading guilty is found in the record of the Rule 11 colloquy. Necessarily encompassed within the district court's colloquy with Jimenez are discussions of the type which Rule 11(d) is intended to reveal. The literal deviation from the words prescribed in Rule 11 does not detract from the sufficiency of the record upon which the constitutionally-required findings are premised. *Cf. Michlin,* 34 F.3d at 900("The district court was clearly in substantial compliance with Rule 11(d) ... and created a record from which we can easily ascertain that Michlin's waiver was knowing and voluntary."). Thus, we find that the omission of any specific inquiry into "prior discussions" was a minor or technical error. Accordingly, Jimenez has failed to specifically show his substantial rights were affected. *Cf. Michlin,* 34 F.3d at 899–900(finding harmless error in failing to inquire about prior negotiations under Federal Rule 11(d)); *United States v. Chan,* 97 F.3d 1582, 1584 (9th Cir.1996) ("[T]he mere failure on the part of a court to give a prescribed Rule 11 warning does not, without more, mean that the defendant's substantial rights were adversely affected.") (citations omitted).[3]

Jimenez notes that some courts have analyzed a violation of Rule 11 in the context of whether the "core values" of Rule 11 have been implicated. Indeed, the Eleventh Circuit has articulated three core objectives of Rule 11: "(1) ensuring that the guilty plea is free from coercion; (2) ensuring that the defendant understands the nature of the charges ...; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." *United States v. Camacho,* 233 F.3d 1308, 1314 (11th Cir.2000) (citations omitted). However, these courts have also recognized that a technical or minor defect in the procedures under Rule 11 does not necessarily implicate a core value. *See United States v. Hernandez–Fraire,* 208 F.3d 945, 950 (11th Cir.2000). Jimenez has failed to demonstrate that any of these

---

**3.** Indeed, as we noted in *United States v. Odedo,* 154 F.3d 937, 940 (9th Cir.1998), because of extensive redrafting, Rule 11 includes "more elaborate and lengthy procedures" to accept a guilty plea such that "the chance of harmless errors of a minor or technical nature is now more likely."

core values has been implicated by the district court's Rule 11(d) failure.[4]

Finally, we note that the Supreme Court in *Vonn* instructed that appellate courts need not confine themselves to the plea colloquy, but may consider any evidence in the record. *See Vonn*, —— U.S. ——, 122 S.Ct. at 1055, 152 L.Ed.2d 90.[5] However, Jimenez has neither argued nor presented evidence that there *were* any prior discussions which resulted in his change of plea or that his plea was, *in fact*, involuntary. Indeed, he effectively concedes that there is no other evidence in the record for this Court to consider in making its determination.[6]

### 3. Error Which Seriously Affects Fairness or Integrity of the Plea

■ Finally, we further find that the Rule 11(d) error does not "seriously [affect] the fairness, integrity or public reputation of judicial proceedings." Jimenez does not argue, nor is there any indication in the record, that his plea was either unknowing or involuntary. Accordingly, Jimenez has failed to show that the deviation from Rule 11(d) seriously affected the fairness or integrity of this plea. *See Minore*, 292 F.3d 1109, 1118 (Rule 11(c) error did not seriously affect integrity or fairness of plea where defendant unequivocally admitted that he should be held responsible for quantity of marijuana); *see also United States v. Vonn*, 294 F.3d 1093 (9th Cir.2002) (no plain error where record demonstrated plea was voluntary); *United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir.2002) (no plain error where record demonstrated defendant understood terms of plea agreement). Thus, we find that Jimenez has failed to demonstrate that the district court's literal failure to inquire about "prior discussions" was plain error.

### III. ENHANCED SENTENCE BASED UPON COURT'S FINDING OF AGGRAVATED FELONY CONVICTIONS

■ Citing the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S.

---

**4.** This is not to suggest that the inquiry into prior discussions between the government and the defendant or his attorney should be dispensed with or treated lightly. As the Commentary to the 1983 Amendment to Rule 11 stated, Rule 11(h) "should *not* be read as an invitation to trial judges to take a more casual approach to Rule 11 proceedings." Advisory Committee Notes on 1983 Amendments to Federal Rule of Criminal Procedure 11(h) (emphasis added). "Subdivision (h) makes *no change* in the responsibilities of the judge at Rule 11 proceedings, but instead merely rejects the extreme sanction of automatic reversal." *Id.* (emphasis added). In fact, as indicated, the inquiry into prior discussions is an important component of the determination of whether a plea is knowing and voluntary.

**5.** A defendant must rely upon the existing record and may not attempt to augment the record with new evidence upon appeal. *See Vonn*, —— U.S. ——, 122 S.Ct. at 1055, 152 L.Ed.2d 90 ("The Advisory Committee intend-

ed the effect of error to be assessed on *an existing record*, no question, but it did not mean to limit that record strictly to the plea proceedings ....") (emphasis added). However, the Court also noted that the defendant in *Vonn* did not cite to the Rule 11 error when he moved to withdraw his guilty plea. *See id.* at 1047. This suggests that, while a defendant may not attempt to present new evidence of prejudice upon appeal, he may apprise the district court of its Rule 11 error and provide evidence in support of his claim of prejudice after the plea by way of a motion to withdraw his guilty plea. In so doing, a more complete record is preserved and any transgression will likely be reviewed for harmless error.

**6.** Prior to *Vonn*, the rule in this Circuit limited review only to the plea colloquy. *See, e.g.*, *United States v. Gastelum*, 16 F.3d 996, 998 (9th Cir.1994). Thus, in light of *Vonn*, we inquired of Jimenez whether he sought a continuance in order to provide this Court with other evidence in the record to demonstrate prejudice. Jimenez declined the invitation.

466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Jimenez contends that his sentence should be vacated because the district court used his prior aggravated felony convictions to increase his sentence beyond the statutory maximum under 8 U.S.C. section 1326(a). However, Defendant concedes that this Court has explicitly rejected this argument in *United States v. Pacheco-Zepeda,* 234 F.3d 411, 414 (9th Cir. 2000). Thus, Jimenez's challenge to his sentence based upon *Apprendi* is without merit.[7]

The district court's use of Jimenez's aggravated felony convictions to increase his sentence was not plain error.

## IV. CONCLUSION

Jimenez has failed to demonstrate that the district court's literal deviation from Rule 11(d) constituted anything more than a minor or technical error. To the contrary, his failure to argue that his plea was unknowing or involuntary, coupled with the record of the Rule 11 colloquy, bespeaks the lack of any prejudice suffered by defendant. Furthermore, the use of an aggravated felony to enhance the sentence under 8 U.S.C. section 1326 does not violate *Apprendi.* Accordingly, we find that Jimenez has failed to shoulder his burden of demonstrating plain error.

**AFFIRMED.**

---

[7]. The Government also contends that Jimenez is foreclosed from challenging his sentence under *Apprendi* because he has admitted to committing an aggravated felony. *See United States v. Silva,* 247 F.3d 1051, 1060 (9th Cir. 2001) (finding that because defendant admitted to precise amount of methamphetamine according to which sentence was enhanced, defendant waived his *Apprendi* challenge concerning the factual finding of the amount of drugs he conspired to distribute). In this case, when asked by the Court whether he understood that he had been deported because of a felony conviction, Jimenez responded affirmatively. It is not clear, however, that Jimenez was admitting that he had committed an aggravated felony as defined under 8 U.S.C. section 1101(a)(43).