**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Felix RUBIO, Defendant—Appellant.**

No. 00–50210.
D.C. No. CR–98–03557–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2002.*

Decided Nov. 15, 2002.

Before PREGERSON, THOMPSON
and WARDLAW, Circuit Judges.

MEMORANDUM **

Felix Rubio pled guilty to one count of conspiring to manufacture and distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 846. He now challenges aspects of his plea colloquy and asserts *Apprendi* error in the imposition of his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

We find no plain error in the district court's Fed.R.Crim.P. 11 colloquy. *See United States v. Jimenez–Dominguez,* 296

F.3d 863, 866 (9th Cir.2002) (citing *United States v. Vonn,* 535 U.S. 55, ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002)). The district court did not plainly err by affirming the defense counsel's inaccurate recitation of the applicable minimum sentence because it neither "affected [Rubio's] substantial rights," nor "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). This is because the alleged sentencing dispute concerned whether the mandatory ten-year minimum sentence required a methamphetamine quantity of five hundred or one thousand grams, and Rubio was determined to have conspired to manufacture three thousand grams of methamphetamine, an amount that triggered the ten-year mandatory minimum in either event.

We also reject Rubio's other arguments. A district court does not plainly err in finding a sentencing factor by a preponderance of the evidence, so long as the actual sentence imposed does not exceed the statutory maximum. *United States v. Buckland,* 289 F.3d 558, 568–71 (9th Cir. 2002) (en banc), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002); *cf. Harris v. United States,* —— U.S. ——, ——, 122 S.Ct. 2406, 2410, 153 L.Ed.2d 524 (2002) (plurality opinion). Furthermore, a district court may determine a sentence on the basis of a mandatory minimum predicated upon a sentencing factor proven only by a preponderance of

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

the evidence. *Harris*, —— U.S. at ——, 122 S.Ct. at 2414.

AFFIRMED.

---

* Rehearing granted Dec. 24, 2002. See 2002 WL 31875683.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.