UNITED STATES of America, Plaintiff—Appellee,

v.

Juan Donaldo Perdomo ESPANA, aka John Doe, aka Juan Donaldo Perdomo–Espana, aka Juan Donaldo Perdomo, Defendant—Appellant.

* This disposition is not appropriate for publication and may not be cited to or by the courts

United States of America, Plaintiff—Appellant,

v.

Juan Donaldo Perdomo Espana, aka John Doe, aka Juan Donaldo Perdomo–Espana, aka Juan Donaldo Perdomo, Defendant—Appellee.

No. 01–50535, 01–50598. D.C. No. CR–00–00584–CAS– 1, CR–00–00584–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 7, 2003.

Decided July 17, 2003.

Before KOZINSKI, FERNANDEZ and RYMER, Circuit Judges.

MEMORANDUM *

1. We need not decide whether the district court committed plain error under Federal Rule of Criminal Procedure 11(c) and *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it failed to inform defendant that his prior convictions for aggravated felonies would be used against him in sentencing. Any error that may have occurred would not have affected the defendant's substantial rights. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

2. Though the district court failed to follow precisely the requirements of Federal Rule of Criminal Procedure 11(d), the error did not affect the defendant's sub-

of this circuit except as provided by Ninth Circuit Rule 36–3.

stantial rights. *See United States v. Jimenez–Dominguez*, 296 F.3d 863, 869 (9th Cir.2002).

3. The district court did not clearly err in granting the defendant an additional one-level downward departure for acceptance of responsibility. *See United States v. Kimple*, 27 F.3d 1409, 1412 (9th Cir. 1994) (holding that "[w]hether the defendant is entitled to an acceptance of responsibility reduction is a factual determination ... subject to the clearly erroneous standard of review").

4. The district court did, however, clearly err in awarding the defendant a two-level sentence reduction based on his medical condition. Nothing in the record supports the district court's finding that defendant's diabetes is an "extraordinary" medical condition under U.S. Sentencing Guidelines Manual § 5H1.4 (1988). Because we find a clear error, we need not decide whether the cleverly-named Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, Pub.L. No. 108–21, 117 Stat. 650, 670 (2003) (amending 18 U.S.C. § 3742(e)), applies to this case.

AFFIRMED in part, VACATED and REMANDED in part.