Abraham J. CRUZADO, Petitioner–Appellant,

v.

Jackie CRAWFORD, et al., Respondents–Appellees.

No. 04–15273.
D.C. No. CV–99–0652–ECR(VPC).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2005.

Decided April 28, 2005.

Jason F. Carr, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Joseph W. Long, Nevada Attorney General's Office, Ely, NV, for Respondents–Appellees.

Before THOMAS, FISHER, Circuit Judges, and ROBART, District Judge.[*]

MEMORANDUM[**]

Appellant Abraham Cruzado ("Cruzado") appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254 (" § 2254"). We affirm for the reasons stated below.

The district court certified three issues for appeal under 28 U.S.C. § 2253(c): whether Cruzado's guilty plea to five counts of sexual assault was knowing and voluntary, whether Cruzado's trial counsel provided ineffective assistance, and whether the district court erred in denying an evidentiary hearing on Cruzado's claim that new counsel appointed to represent him in his plea withdrawal attempt and sentencing was also ineffective.

As to the first two questions, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") constrains us to conduct a deferential review. We cannot grant relief unless the state court's adjudication of Cruzado's claims either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The state court's decision that Cruzado knowingly and voluntarily pleaded guilty involved neither an unreasonable application of law nor an unreasonable determination of facts. The record reveals that Cruzado was aware of the consequences of his guilty plea. *See Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (requiring that a defendant have "awareness of the relevant circumstances and likely consequences" of a guilty plea). The trial court conducted a careful plea canvass, in which Cruzado repeatedly affirmed that he understood the impact of his plea, and the possible sentence he would receive as a result. *See United States v. Nostratis,* 321 F.3d 1206, 1210 (9th Cir.2003) (crediting defendant's in-court statements that he understood his plea over "testimony [given] more than two years later"); *see also United States v. Baramdyka,* 95 F.3d 840, 844 (9th Cir. 1996) (a proper canvass is "sufficient" evidence of an intelligent plea).

The record also provides adequate foundation for the trial court's decision that Cruzado's guilty plea was voluntary. A guilty plea is involuntary if "it is the product of threats, improper promises, or other forms of wrongful coercion...." *United States v. Hernandez,* 203 F.3d 614, 619 (9th Cir.2000) (citing *Brady,* 397 U.S. at 754–55). During the plea canvass, Cruzado testified that no one had coerced his guilty plea. Nonetheless, Cruzado alleged three bases for coercion in subsequent proceedings. First, he claimed that the trial

---

[*] The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

judge coerced his guilty plea by conveying a threat, through Cruzado's counsel, to "hang [Cruzado] high by the balls" if the jury found him guilty. Other than Cruzado's own testimony, there is no evidence of this threat. Cruzado's trial counsel testified that he merely advised Cruzado that he believed the judge would impose a harsh sentence if Cruzado's victim testified at trial. Second, Cruzado claimed that he pleaded guilty because his trial counsel stated that Cruzado's wife would face perjury charges if she testified on his behalf. The facts surrounding defense counsel's contact with Cruzado's wife provide an adequate basis to conclude that defense counsel did not improperly threaten her. Third, Cruzado testified that his victim's brother, who was a guard at the jail where Cruzado was held until his conviction, physically coerced his plea. Cruzado did not raise this claim in the trial court, and offered only his testimony and the declarations of two jail trusties to support his claim.

We find that in light of Cruzado's denial of coercion during the plea canvass, the state court's refusal to accept minimal evidence of coercion was not unreasonable.[1] *See United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir.2001) (giving "substantial weight" to in-court denials of coercion); *see also United States v. Jimenez–Dominguez*, 296 F.3d 863, 869 (9th Cir.2002) (noting plea colloquy provides the "best evidence" of coercion).

■ Turning to Cruzado's ineffective assistance of counsel claim, we hold that Cruzado has not shown that trial counsel's performance fell below Sixth Amendment standards of effective representation. *Strickland v. Washington*, 466 U.S. 668,

687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Cruzado alleges that trial counsel's performance was deficient because he did not have enough meetings with Cruzado before trial, because he did not investigate the case, and because he was not prepared for trial. Only Cruzado's testimony supports these claims; trial counsel's testimony refutes all of them. Reviewing trial counsel's performance with "a strong presumption" that his "conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, we find no evidence sufficient to upset the conclusion that trial counsel's defense fell within that range. We therefore need not reach the question of prejudice.

■ The final issue before us is Cruzado's allegation that the attorney the trial court appointed to represent Cruzado in his plea withdrawal attempt and at sentencing ("sentencing counsel") provided ineffective assistance. The district court refused to hold an evidentiary hearing, citing 28 U.S.C. § 2254(e)(2).

The district court may have erroneously applied § 2254(e)(2) in denying an evidentiary hearing, but we can affirm the district court on any basis supported in the record. Even if Cruzado could prove that sentencing counsel was ineffective, he could not demonstrate prejudice. *Strickland*, 466 U.S. at 687. Nothing in the record indicates that sentencing counsel could have overcome evidence that Cruzado's guilty plea was knowing and voluntary, or could have shown that trial counsel was ineffective.

The same is true regarding sentencing. Under the plea bargain, the only sentencing decision for the trial court was whether

1. We recognize that the challenged state court decisions make no specific findings about several of Cruzado's factual assertions. We have considered Cruzado's claims in light of *Taylor*

*v. Maddox,* 366 F.3d 992, 1001 (9th Cir.2004), and conclude that the state courts did not overlook evidence that was "highly probative and central to" Cruzado's claims.

to add one or two consecutive life sentences to the three terms Cruzado agreed to. Sentencing counsel convinced the trial court to impose a consecutive sentence on only one of the remaining counts. Cruzado fails to allege facts that, if true, would permit us to conclude that it is likely the trial judge would have imposed a more lenient sentence.

**AFFIRMED.**