**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sofia Maciel PASCACIO, Defendant–
Appellant.**

No. 08–10327.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 2009 *.

Filed Nov. 6, 2009.

Kimberly A. Sanchez, Esquire, Assistant U.S., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Katherine L. Hart, Law Offices of Katherine L. Hart, Fresno, CA, for Defendant–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HAWKINS and THOMAS, Circuit Judges, and TRAGER,** District Judge.

MEMORANDUM ***

Sofia Maciel Pascacio ("Pascacio") appeals her conviction for various cocaine-related drug offenses surrounding the use of her residence to receive drugs and transfer money for the purchase of the drugs on behalf of her daughter. She argues that the district court erred by denying her mistrial motion, and giving the jury a deliberate ignorance instruction unsupported by the evidence. We affirm.

## A. Mistrial

Pascacio moved for a mistrial after a detective testified that guns and drugs were found at Pascacio's residence when her son was arrested in an earlier unrelated incident.

A motion for mistrial is reviewed for abuse of discretion. *United States v. Hagege*, 437 F.3d 943, 959–60 (9th Cir.2006); *see also United States v. Allen*, 341 F.3d 870, 891 (9th Cir.2003); *United States v. Frederick*, 78 F.3d 1370, 1375 (9th Cir. 1996). "[C]ourts have the power to declare a mistrial whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir. 1980) (internal quotations omitted).

The district court did not abuse its discretion in denying the motion for a mis-

trial. Pascacio challenges the testimony of Detective Rivera insofar as Rivera discussed Pascacio's son, who was at the time incarcerated in a county jail due to a separate drug conviction. Because the detective mentioned Pascacio's son only briefly in his testimony, and his testimony was not referenced in closing arguments, any error denying a mistrial was harmless. *See United States v. Jimenez–Dominguez*, 296 F.3d 863, 867 (9th Cir.2002).

## B. Deliberate Ignorance

Also known as a "*Jewell* instruction," a deliberate ignorance or willful blindness instruction is an alternate definition of acting "knowingly" under a given criminal statute. *United States v. Jewell*, 532 F.2d 697, 700 (9th Cir.1976). To act knowingly "is not necessarily to act only with positive knowledge, but also to act with an awareness of the high probability of the existence of the fact in question." *Id.* A court's decision to give a deliberate ignorance instruction is reviewed for abuse of discretion. *United States v. Heredia*, 483 F.3d 913, 922 (9th Cir.2007) (en banc).

In deciding whether to give a deliberate ignorance instruction, a court must first "determine whether the evidence of defendant's mental state, if viewed in the light most favorable to the government, will support a finding of actual knowledge." *Heredia*, 483 F.3d at 922. If the evidence supports this finding, "the court must instruct the jury on this theory." *Id.* at 922. Second, if the court determines that "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge," it may give a *Jewell* instruction *in addition* to the actual knowledge instruction. *Id.*

** The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court did not abuse its discretion by giving the jury a deliberate ignorance instruction, especially given the nature of Pascacio's defense—that she had no direct involvement in the drug trafficking going on in her home. A rational juror could have found that, even if Pascacio did not have actual knowledge of the drug transactions going on in her home, she had suspicions that Maravilla and Barriente were engaging in drug transactions, and avoided the truth while providing assistance.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.