**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10232 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01298-GMS-1 |
| v. | |
| DANIEL FIERRO-VENEGAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and ROSENTHAL,
District Judge.[**]

Appellant Daniel Fierro-Venegas appeals the district court's finding that he

was not a juvenile and therefore that he should be tried as an adult on charges of

conspiracy to harbor illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for Southern Texas, Houston, sitting by designation.

and (a)(1)(B)(i), and harboring illegal aliens for profit, in violation of 8 U.S.C §§ 1324(a)(1)(A)(iii) and (a)(1)(B)(i). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

In a hearing to determine juvenile status, "the government bears the initial burden of proving defendant's age and 'must offer prima facie evidence of defendant's adult status.'" *United States v. Juvenile Male*, 595 F.3d 885, 897 (9th Cir. 2010) (quoting *United States v. Salgado-Ocampo*, 50 F. Supp. 2d 908, 909 (D. Minn. 1999)). "[A] previous statement from the juvenile that he is an adult can constitute such prima facie evidence." *Id.* at 897 (citing *United States v. Alvarez–Porras*, 643 F.2d 54, 66–67 (2d Cir. 1981)). If the government adequately presents such prima facie evidence, "[t]he burden then shifts to the defense to 'come forward with evidence of his juvenile status.'" *Juvenile Male*, 595 F.3d at 897 (quoting *Salgado-Ocampo*, 50 F. Supp. 2d at 909). If the defendant does so, "the Government then has an opportunity 'to rebut [such evidence] with any additional information'" available. *Id.* (quoting *Salgado-Ocampo*, 50 F. Supp. 2d at 909). After receiving the evidence, the court must determine from a preponderance of the evidence the date on which defendant was born. *Salgado-Ocampo*, 50 F. Supp. 2d at 909. We review this finding for clear error. *See United States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011).

2

The difficulty in ascertaining appellant's age is the result of uncertainty regarding his identity. As part of its prima facie case, the government presented documentary evidence that appellant had used four aliases and at least six birth dates in his interactions with immigration officials, law enforcement, and the federal courts. These aliases had been linked to each other by appellant's photograph, fingerprints, or his own statements. None of the six birth dates would have made appellant a juvenile at the time of his arrest in this case. Notably, in June 2009, appellant pleaded guilty in the District Court for the Middle District of Pennsylvania to illegal reentry by an alien under the name "Uriel Gonzalez-Martinez, a/k/a David Figueroa-Perez." In the course of those proceedings, appellant swore under oath, twice, that he was Uriel Gonzalez-Martinez and that he was 21 years old. We conclude that the government has met its prima facie case here.

On his part, appellant relies on two documents: a copy of a birth certificate for a Daniel Fierros Venegas, born on June 14, 1992, issued by the Mexican authorities allegedly at the request of appellant's mother, which the Mexican Consulate verified as authentic; and a fax of a letter issued by a Mexican municipal agency, bearing appellant's photograph as an adult, and stating that the person in the photograph is Daniel Fierros Venegas, born on June 14, 1992.

As the district court aptly noted, there is nothing to prove or disprove the authenticity of the letter and, especially, to explain how the attached photograph was generated. Beside the letter, there is nothing to tie appellant to the otherwise authentic birth certificate for Daniel Fierros Venegas. *Cf. Salgado-Ocampo*, 50 F. Supp. 2d at 911–12 (defendant's mother and aunt provided the link between defendant, whose identity was not an issue, and the documentary evidence relevant to his age).

Further, the government confirmed that a Mexican driver's license in the name Uriel Gonzalez-Martinez, bearing appellant's photograph and stating a birth date of February 5, 1988, was authentic. Appellant used the same date of birth two other times, albeit when he used other names. In conjunction with the fact that appellant pleaded guilty in the Pennsylvania district court as Uriel Gonzalez-Martinez and the fact that a personal letter written by "Uriel Gonzalez-Martinez" was found at the drop house, the driver's license is strong evidence that appellant is not Daniel Fierro-Venegas, a juvenile, but Uriel Gonzalez-Martinez, an adult.

The district court did not err in finding that the government proved by a preponderance of the evidence that appellant was an adult at the time of his arrest.

Appellant's motion to authorize investigative services and travel expenses is denied. *See United States v. Jimenez-Dominguez*, 296 F.3d 863, 870 n.5 (9th Cir.

4

2002) (a defendant must rely upon the existing record and may not attempt to augment the record with new evidence upon appeal).

**AFFIRMED.**