**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30106 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00160-EJL-1 |
| v. | |
| JAMES ROY O'NEILL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted August 6, 2012[**]
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

James Roy O'Neill appeals his sentence resulting from a guilty plea to

cocaine and money laundering offenses. We grant the government's motion to

dismiss because O'Neill knowingly and voluntarily waived his right to appeal.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

A waiver is enforceable if the defendant knowingly and voluntarily waives his rights and the wording of the waiver covers the grounds raised on appeal. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007) (citing *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)). Because O'Neill did not object to the plea colloquy in district court, we review under the plain error standard. *See United States v. Jimenez-Dominguez*, 296 F.3d 863, 866 (9th Cir. 2002) (citing *United States v. Vonn*, 535 U.S. 55 (2002)). Plain error requires the defendant to show "'a reasonable probability that, but for the error, he would not have entered the [guilty] plea.'" *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) (alteration in original) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

O'Neill claims that the district court failed to comply with Federal Rule of Criminal Procedure 11, but he fails to argue that any alleged failure led him to plead guilty. The district court did not discuss a special assessment, contrary to Federal Rule of Criminal Procedure 11(b)(1)(L), but the special assessment was discussed in the plea agreement that O'Neill acknowledges reviewing with his lawyer. O'Neill does not show that the district court's failure to discuss the special assessment led to his guilty plea; in fact, the substance of his appeal does not even

mention the special assessment. O'Neill similarly fails to argue that any of the district court's other variations from Rule 11 reasonably led him to plead guilty.

O'Neill's appeal does not fall within the plea waiver's exceptions. The plea agreement allows an appeal if the district court "exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range." O'Neill's 180-month sentence was below the advisory sentencing guidelines range of 188-235 months. O'Neill attempts to dispute the calculation of the sentencing guidelines range, but the range calculation does not fall within the plea waiver's exceptions.

O'Neill knowingly and voluntarily waived his right to appeal. The government's motion to dismiss is therefore **GRANTED**. Appeal **DISMISSED**.