**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50304 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00411-SVW-3 |
| v. | |
| ANDRE WILLIAMSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 3, 2012
Pasadena, California

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

Andre Williamson appeals the district court's judgment of conviction

following the denial of his motion to withdraw his guilty plea. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court erred by not personally advising Williamson on the record

of the rights he was relinquishing, and by not making sure that Williamson

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

understood the consequences of his guilty plea. The error was not cured by Williamson's statement that he had read and understood the plea agreement nor by the prosecutor reading parts of the plea agreement into the record even though those parts contained the admonitions required by Federal Rule of Criminal Procedure 11. *Cf. United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002); *United States v. Kennell*, 15 F.3d 134, 136 (9th Cir. 1994). Nevertheless, Williamson did not raise this error before the district court, and we find that on this record the error did not amount to plain error. *United States v. Vonn*, 535 U.S. 55, 74 (2002). Williamson does not explain how the district court's error prejudiced his substantial rights. *United States v. Jimenez-Dominguez*, 296 F.3d 863, 867 (9th Cir. 2002).

Second, Williamson claims he was not able to enter a knowing and voluntary plea due to his mental illness, the medication he was taking for his mental illness, and his former recreational drug use. Williamson also claims the district court applied the wrong legal standard because the district court evaluated whether Williamson's guilty plea was knowing and voluntary. A defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We conclude, however, that the district court applied the correct legal standard. It is true that "the 'fair and

just reason' standard is simply more generous than the standard for determining whether a plea is invalid." *United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005). However, when the voluntariness of the plea is itself the only reason the defendant gave for wanting to withdraw his guilty plea, it is not error for the district court to focus on whether the plea was made knowingly and voluntarily. *See id.*

Further, the district court's factual findings were not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc), *cert denied*, 131 S. Ct. 2096 (2011). The only medical evidence regarding Williamson's mental state was from the prison's psychiatrist and his intern, whose testimony supported the court's finding that Williamson was able to think clearly and that Williamson knew the effect of his guilty plea. Williamson's trial attorney also confirmed that he understood the plea agreement, and that in over 60 hours of meetings with him, she never observed him having trouble understanding the proceedings against him.

Accordingly, the district court did not abuse its discretion in finding Williamson did not present a fair and just reason for withdrawing his guilty plea.

**AFFIRMED.**

3