**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10134 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-03234-RCC-BPV-1 |
| v. | |
| JOSE MANUEL LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted May 16, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and ZILLY, Senior District Judge.[**]

Although the Government made a favorable plea offer, defendant Jose

Manuel Lopez pleaded guilty without entering into any agreement with the

Government, and received a sentence 18 months higher than the one proposed by

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Thomas S. Zilly, Senior United States District Judge for the Western District of Washington, sitting by designation.

the Government. As a result of a recording equipment malfunction, no transcript of the change of plea hearing is available. These unusual facts form the basis for defendant's appeal.

The absence of a transcript or suitable recording of the plea proceedings constitutes a violation of Federal Rule of Criminal Procedure 11(g). Contrary to the Government's assertion, this Rule 11(g) violation is not analyzed under the Court Reporter Act, specifically 28 U.S.C. § 753(b), but rather is subject to harmless error review. *See* Fed. R. Crim. P. 11(h). Under a harmless error analysis, the Government bears the burden of establishing that the Rule 11 transgression had no effect on defendant's substantial rights. *E.g.*, *United States v. Jimenez-Dominguez*, 296 F.3d 863, 866 (9th Cir. 2002). The Government has not satisfied this burden.

Absent a verbatim recording of the plea proceedings, it is not possible to assess whether the requirements of Rule 11 were met. Contrary to the Government's contention, the Magistrate Judge's Findings and Recommendation are not an adequate substitute for a transcript of the change of plea hearing. The Findings and Recommendation recite some, but not all, of the matters outlined in Rule 11(b), provide no specifics concerning any applicable mandatory minimum or maximum penalties, and indicate that the sentencing guidelines "apply" when, in

fact, they are only advisory, *see United States v. Booker*, 543 U.S. 220, 245 (2005).

Given the Government's inability to demonstrate that the Rule 11(g) violation was

harmless, defendant is "entitled to plead anew." *McCarthy v. United States*, 394

U.S. 459, 463 (1969). We therefore vacate both the judgment and the guilty plea,

and remand this matter to the district court for further proceedings.

VACATED and REMANDED.

12-10134