**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50093 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-03668-W-1 |
| v. | |
| DAVID KINH DUC TRAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

David Kinh Duc Tran appeals a thirty-five year prison term imposed by the district court after Tran pleaded guilty, in the middle of trial, to five counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(c).

**1.** Tran first argues that his conduct created an insufficient effect on commerce

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

to subject him to federal jurisdiction. In *United States v. Clark*, we rejected a similar challenge to 18 U.S.C. § 2423(c), which criminalizes "illicit sexual conduct with another person" by a United States citizen who "travels in foreign commerce." 435 F.3d 1100, 1107, 1114 (9th Cir. 2006). Tran, an American citizen, recorded videos in Vietnam that depicted him performing sexual acts with minors and then transported the videos on a commercial airliner into the United States. This conduct involves a greater utilization of the channels of foreign commerce than in *Clark*. *See id.* at 114-15.

**2.** Tran also contends the district court failed to inform him of all the rights enumerated in Rule 11(b)(1) of the Federal Rules of Criminal Procedure before accepting his change of plea. Because Tran did not raise this issue in the district court, we review for plain error. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004). Tran thus "must show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* at 83. Tran does not allege that he would not have entered his plea but for the cited errors.

Tran does argue, however, that the Rule 11 colloquy "was so lacking . . . that the error was structural." But the record establishes that his plea was both knowing and voluntary. Thus, Tran has failed to show that any Rule 11 violation "seriously affected the fairness or integrity" of his plea. *United States v. Jimenez-Dominguez*,

2

296 F.3d 863, 870 (9th Cir. 2002).

**3.** Tran argues there was an insufficient factual basis for accepting his pleas. At the time the plea was accepted, the district court had before it defense counsel's proffer of a factual basis, testimony from the first two days of trial and documentary evidence describing Tran's unlawful conduct. And, prior to entering judgment on the plea, *see* Fed. R. Crim. P. 11(b)(3), the court also had the presentence report and Tran's letters describing his participation in the creation of the videos. This was sufficient.

**4.** Nor did the district judge's passing misstatement of Tran's age as fifty-five, rather than fifty-eight, during sentencing constitute plain error. The presentence report reflected the correct age and there is no reasonable possibility that the misstatement affected the sentence, as the district court carefully considered Tran's individual circumstances in imposing a below-Guidelines sentence. *See United States v. Becerril-Lopez*, 541 F.3d 881, 894 (9th Cir. 2008).

**AFFIRMED**.