NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 28 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10513 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00449-CKJ-JR-1 |
| v. | |
| HUMBERTO JOSE CASTILLO-PENA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10514 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-50037-CKJ-JR-1 |
| v. | |
| HUMBERTO JOSE PENA-CASTILLO, AKA Erick Rene Cardona-Lajara, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 16, 2016[]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and KOBAYASHI,[***] District Judge.

Humberto Jose Castillo-Pena argues on appeal that his guilty plea, admission to violating supervised release, and waiver of a revocation hearing were made unknowingly and involuntarily, because the magistrate judge failed to comply with Federal Rules of Criminal Procedure 11 and 32.1. We review Castillo-Pena's challenges, which are made for the first time on appeal, for plain error. *United States v. Olano*, 507 U.S. 725, 734 (1993); *see also United States v. Carter*, 795 F.3d 947, 950 (9th Cir. 2015).

**1.** Castillo-Pena argues his guilty plea was made unknowingly and involuntarily, because the magistrate judge (A) failed to advise him of the right to counsel, (B) incorrectly stated the maximum penalty, (C) failed to inform him of the possibility of supervised release, and (D) failed to inform him that the sentencing guidelines applied in his case.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

**A.** The magistrate judge informed Castillo-Pena of his right to counsel; thus, Castillo-Pena was aware of that right. *See United States v. Jimenez-Dominguez*, 296 F.3d 863, 869 (9th Cir. 2002). Even assuming the magistrate judge did not substantially comply with Federal Rule of Criminal Procedure 11, Castillo-Pena's claim fails because he did not demonstrate that this error affected his substantial rights. *See id.* at 867.

**B.** The magistrate judge and district judge correctly informed Castillo-Pena of the maximum penalty for his offense, and Castillo-Pena does not allege that he believed a different maximum penalty applied. Even assuming the magistrate judge did not substantially comply with Federal Rule of Criminal Procedure 11, Castillo-Pena's claim fails because he did not demonstrate that this error affected his substantial rights. *See id.*

**C.** Castillo-Pena correctly alleges the magistrate judge failed to inform him of the possibility of supervised release; however, there was no plain error. The record reflects Castillo-Pena was aware of the possibility of supervised release before he was sentenced, and he did not object or attempt to change his plea. Castillo-Pena's claim also fails because he did not demonstrate that this error affected his substantial rights. *See id.*

**D.** Castillo-Pena correctly alleges the magistrate judge failed to inform him of the applicability of the sentencing guidelines; however, there was no plain error. Castillo-Pena was aware the sentencing guidelines applied to his case, because the sentencing guidelines were clearly addressed in the presentence report and at the sentencing hearing before the district judge. Castillo-Pena again failed to demonstrate that this error affected his substantial rights. *See id.*

**2.** Castillo-Pena argues his admission to violating supervised release and waiver of a revocation hearing were made unknowingly and involuntarily, because the magistrate judge did not advise him of the entitlements he would receive at a revocation hearing, as outlined in Federal Rule of Criminal Procedure 32.1(b)(2).

At his change of plea hearing, Castillo-Pena knowingly and voluntarily admitted to violating supervised release. The magistrate judge specifically informed Castillo-Pena of each right he would waive by admitting this violation; the magistrate judge inquired into Castillo-Pena's mental status before accepting the admission; and the magistrate judge explained to Castillo-Pena that he had the right to continue denying the allegation and would be entitled to an evidentiary hearing. The magistrate judge asked Castillo-Pena twice whether he intended to make this admission. Both times Castillo-Pena told the magistrate judge that he wished to admit the violation. The magistrate judge also asked Castillo-Pena's

counsel whether he believed Castillo-Pena understood the rights he was giving up by making the admission, and counsel answered in the affirmative. At that point, the magistrate judge found that Castillo-Pena's admission was made knowingly, intelligently, and voluntarily.

Castillo-Pena also knowingly and voluntarily waived the revocation hearing at the time he admitted to violating supervised release. Because Castillo-Pena waived the revocation hearing, the magistrate judge was never required to advise Castillo-Pena of the Rule 32.1(b)(2) entitlements. Thus, the magistrate judge's failure to advise him of these entitlements could not have somehow made his admission and waiver of the revocation hearing unknowing and involuntary.

Castillo-Pena's claim also fails because he did not demonstrate that this error affected his substantial rights. *See id.*

**3.** Castillo-Pena argues his admission to violating supervised release was taken in violation of his due process rights. He fails to explain how his due process rights were violated and the record does not reflect his rights were violated.

**AFFIRMED.**