*448 MEMORANDUM *
William Zamastil appeals his 18 U.S.C. § 1111 first-degree murder conviction for the 1973 murder of Leesa Jo Shaner, alleging various errors at trial. The general verdict rested on alternate theories of premeditation and felony-murder predicated on rape. We affirm Zamastil’s conviction.
1. Reviewing the district court’s admission of Zamastil’s rape and murder of Mary Johnson under Federal Rule of Evidence (“FRE”) 404(b), we find no abuse of discretion. See United States v. Jackson, 84 F.3d 1154, 1158-59 (9th Cir. 1996). The district court properly considered the period of time between the Johnson and Shaner crimes and whether the similarities between them warranted an inference that Zamastil had committed the murder at issue. See United States v. Luna, 21 F.3d 874, 878-79 (9th Cir.1994). Because a thirteen-year period has been upheld, United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989), and the similarities need not amount to a “signature” by the defendant, see United States v. Gonzalez, 533 F.3d 1057, 1063-64 (9th Cir.2008), we cannot say the district court abused its discretion in admitting this evidence under 404(b).
Further, because Zamastil was “accused of a sexual assault, the court [could] admit evidence that [Zamastil] committed any other sexual assault.” Fed.R.Evid. 413(a). Zamastil’s FRE 413 constitutionality challenges are also without merit. See Carmell v. Texas, 529 U.S. 513, 533 n. 23, 120 S.Ct. 1620, 146 L.Ed.2d 577 (2000); United States v. LeMay, 260 F.3d 1018, 1026 (9th Cir.2001).
Moreover, given the similarities between the Johnson and Shaner crimes and the limiting instruction, the district court did not abuse its discretion in its FRE 403 weighing of the Johnson crimes. See United States v. Winters, 729 F.2d 602, 604 (9th Cir.1984).
2. We review admission of evidence for plain error if the defendant makes a specific objection on the wrong ground. See United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.1990). The district court did not plainly err under FRE 404 by admitting Zamastil’s statement that “he liked killing people.” Any error likely did not “affect[ ] the outcome of the district court proceedings,” United States v. Jimenez-Dominguez, 296 F.3d 863, 867 (9th Cir.2002), because the statement was introduced alongside Zamastil’s properly admitted, detailed descriptions of enjoying raping and murdering Shaner.
Further, introducing this statement was not an abuse of discretion under FRE 403. Any jury speculation about other murders by Zamastil was mitigated by the introduction of Zamastil’s confession to murdering Johnson right before his statement that “he liked killing people.”
3. We review for clear error the district court’s determination whether parties were engaged in plea discussions, for purposes of FRE 410 and Federal Rule of Criminal Procedure 11. United States v. Guerrero, 847 F.2d 1363, 1367 (9th Cir. 1988). A statement to a U.S. Attorney is inadmissible when made in the course of plea discussions “if (1) the suspect exhibited an actual subjective expectation that [he] was negotiating a plea at the time of the discussion and (2) [his] expectation was reasonable given the totality of the circum *449 stances.”[1] United States v. Sayakhom, 186 F.3d 928, 936 (9th Cir.1999).
We cannot say the district court clearly erred in finding plea discussions began after May 20, 1981. Zamastil’s alleged expectation that earlier conversations constituted plea discussions contradicts his attorney’s June 30, 1981 letter stating that Zamastil did “not wish to enter into negotiations” with the U.S. Attorney’s office. (Emphasis added). Further, the district court’s finding that Zamastil’s subjective expectation was unreasonable cannot be clear error. Indictment was not imminent; U.S. Attorney Bates Butler’s letter inviting Zamastil to provide information did not inquire into the Shaner murder; and the record evidenced that Zamastil learned after May 20, 1981 of the letter from the U.S. Attorney’s office to Zamastil’s attorney asking him to proffer Zamastil’s Shaner murder testimony. See id.
Reviewing de novo Zamastil’s Miranda waiver claim, United States v. Brobst, 558 F.3d 982, 995 (9th Cir.2009), we find no error. Zamastil admits there is no authority directly supporting his argument.
Reviewing de novo the district court’s determination that Zamastil’s statements to law enforcement officers were voluntary under the totality of the circumstances, we find that Zamastil’s confessions were voluntary, not “obtained ... by physical or psychological coercion or by improper inducement so that [Zamastil’s] will was overborne.” Guerrero, 847 F.2d at 1365-66. Doss advised Zamastil of his constitutional rights during each interview; Doss did not promise leniency in exchange for information; and Zamastil had experience with the criminal prosecution system.
4. The district court did not abuse its discretion by declining to give an alibi instruction. See United States v. Hairston, 64 F.3d 491, 493 (9th Cir.1995). For his argument, Zamastil relies on evidence that was not alibi evidence, because no time or place was specified for the photo Zamastil had mentioned but never produced.
5. The district court did not abuse its discretion in finding “the instructions as a whole [were not] misleading or inadequate to guide the jury’s deliberation.” United States v. Garcia-Rivera, 353 F.3d 788, 791-92 (9th Cir.2003) (citation omitted). The jury instructions adequately covered the jurisdictional element, stating three times that the government had to prove beyond a reasonable doubt that the killing had occurred on Fort Huachuca. Instruction regarding where a murder is deemed to occur was unnecessary. No evidence at trial suggested that an injury causing death occurred somewhere other than Fort Huachuca, and Shaner died at Fort Huachuca.
Reviewing de novo, we also do not find that the instructions failed to “adequately present [Zamastil’s] theory of the case.” See United States v. Liu, 538 F.3d 1078, 1088 n. 5 (9th Cir.2008). Zamastil’s theory that he had killed Shaner elsewhere and merely buried her body at Fort Huachuca, was adequately covered by the jurisdictional instructions given.
6. We review prosecutorial statements to which the defendant does not *450 object for plain error. United States v. Brown, 327 F.3d 867, 871 (9th Cir.2003). The district court did not plainly err by allowing the government to briefly question about Zamastil refusing to provide his biological samples absent a search warrant, or by permitting the government to reference the search warrant’s execution in its closing argument. Because it is improper for a prosecutor arguing to the jury to “note[ ] that [a defendant] did not consent to a search” by law enforcement, United States v. Taxe, 540 F.2d 961, 968-69 (9th Cir.1976), the government referencing the search warrant in closing argument may have been error. However, this potential error was not “clear and obvious” under established law. See United States v. Romero-Avila, 210 F.3d 1017, 1022 (9th Cir.2000). Our precedent does not bar evidence of a defendant’s possible refusal to consent to a search due to such evidence’s admission violating the defendant’s Fourth Amendment rights, or the government’s bare mention of a search warrant in its closing argument.
7. A general verdict withstands a sufficiency of the evidence challenge if the evidence was sufficient with respect to any one alternate basis of liability. See Griffin v. United States, 502 U.S. 46, 56-57, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991). Zamastil’s sufficiency of the evidence claim fails, because he only challenged one alternate basis of liability (i.e. felony-murder predicated on rape).
Finally, the cumulative effect of any alleged errors does not prejudice Zamastil. See United States v. Fernandez, 388 F.3d 1199, 1256-57 (9th Cir.2004). If there were errors, we cannot say the jury would have acquitted Zamastil had these errors not occurred, when the jury could still rely on evidence of the Johnson rape and murder and Zamastil’s many confessions.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. FRE 410 and Federal Rule of Criminal Procedure 11 do not apply to Zamastil’s statements to FBI Agent William Doss. "[0]nly statements during the course óf plea negotiations with a government attorney, not statements made to law enforcement agents generally, are inadmissible.” United States v. Sitton, 968 F.2d 947, 957 (9th Cir. 1992) {abrogated on other grounds by Koon v. United States, 518 U.S. 81, 96-100, 116 S.Ct. 2035, 135 L.Ed.2d 392) (1996).