
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10585 |
| Plaintiff-Appellee, | D.C. No. 4:09-cr-01619-FRZ-BPV-1 |
| v. | |
| WILLIAM FLOYD ZAMASTIL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted December 16, 2016[**]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and KOBAYASHI,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

On July 28, 2011, a jury found Zamastil guilty of first-degree murder for the 1973 kidnaping, rape, and murder of the daughter of an FBI agent. We previously affirmed his conviction on direct appeal. *United States v. Zamastil*, 550 F. App'x 446, 450 (9th Cir. 2013). He appeals the district court's denial of his motions for a new trial and his motion for an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    Zamastil argues that the district court abused its discretion in denying his motion for a new trial on the basis on newly acquired evidence pursuant to Federal Rule of Criminal Procedure 33. However, the district court's ruling that the additional evidence would not indicate that the defendant would "probably be acquitted in a new trial" in light of the overwhelming evidence of his guilt was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263–64 (9th Cir. 2009). For the same reason, the district court did not abuse its discretion in refusing to hold a second evidentiary hearing on the matter.

2.    Zamastil argues that he is entitled to a new trial under *Brady v. Maryland*, 373 U.S. 83 (1963). However, even assuming that the government withheld evidence that falls under *Brady*'s umbrella of being favorable to the defendant, Zamastil has failed to meet his burden of showing a reasonable

2

probability that the disclosure would have led to a different result or undermine confidence in the outcome of the trial. *See United States v. Rodriguez*, 766 F.3d 970, 988 (9th Cir. 2014); *United States v. Jernigan*, 492 F.3d 1050, 1054 (9th Cir. 2007).

**3.**     Zamastil argues that he is entitled to a new trial under *Napue v. Illinois*, 360 U.S. 264 (1959). However, Zamastil failed to show that the government witness's statements were false. *See Rodriguez*, 766 F.3d at 990.

**AFFIRMED.**