**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10508 |
| Plaintiff-Appellee, | D.C. 2:13-cr-01551-DJH-1 |
| v. | MEMORANDUM<sup>*</sup> |
| ISAAC BONELLI, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted October 18, 2016
San Francisco, California

Before:    TASHIMA and M. SMITH, Circuit Judges, and KORMAN,<sup>**</sup> District
Judge.

Isaac Bonelli appeals his convictions for violation of 18 U.S.C. §§ 922(g)(4)

and 924(a)(2), Prohibited Possessor in Possession of Firearms, and 18 U.S.C.

§§ 922(u) and 924(i)(1), Theft from a Federal Firearm Licensee.  The first

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

<sup>**</sup>      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

conviction was the result of a jury trial and the secondd was pursuant to a phea of guilty.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** Bonelli contends that the district court abused its discretion in allowing the testimony of government expert MacMaster.  The only legitimate purpose of MacMaster's testimony was that the stolen DPMS rifle had previously traveled in interstate commerce.  His testimony, however, also included a discussion of firearms trafficking and Mexican cartels, a detailed description of the DPMS rifle's characteristics, and a similar description of a second firearm that was not charged in the indictment.

We review the district court's evidentiary rulings for abuse of discretion. *United States v. Hieng*, 679 F.3d 1131, 1135 (9th Cir. 2012).  Evidentiary rulings to which no objection was made below are reviewed for plain error.  *Id.*  We "must reverse a conviction based on an erroneous evidentiary ruling unless it is more probable than not that the error did not materially affect the verdict." *United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004) (internal quotation marks omitted); *see also United States v. Hitt*, 981 F.2d 422, 425 (9th Cir. 1992).

MacMaster's testimony was replete with wholly irrelevant and highly prejudicial material, to only some of which was objection made, that should have been excluded under Federal Rules of Evidence 402 and 403.  Even assuming that

the district court's limiting instruction cured the prejudice caused by MacMaster's testimony on firearms trafficking and cartels, the detailed testimony on the two firearms remains. We have frequently held that "the admission into evidence of weapons, or pictures of weapons, which are not directly related to the crime, and to which proper objection is made, is prejudicial to the defendant and in many cases it has been held to be reversible error." *United States v. Meling*, 47 F.3d 1546, 1557 (9th Cir. 1995).

This error could have been avoided by the government accepting Bonelli's proffered stipulation to the interstate nexus of the DPMS rifle. In *Old Chief v. United States*, the Supreme Court reversed a criminal defendant's conviction when the prosecution refused to accept a stipulation in lieu of a more detailed record introduced to prove the defendant's status as a felon. 519 U.S. 172, 191–92 (1997). The Court noted that "there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence." *Id.* at 191. The interstate nexus of a firearm is only a jurisdictional hook, not an active element of the crimes charged. A stipulation could easily have replaced the entirety of MacMaster's testimony without any prejudice to the prosecution.

Although we hold that the district court erred in permitting MacMaster's testimony, that error was harmless. The prosecution's case against Bonelli was very strong, including fingerprint evidence, two eye-witness identifications, and Bonelli's name and credit card number on a receipt found at the scene of the crime. Given the overwhelming evidence of Bonelli's guilt, "it is more probable than not that the error did not materially affect the verdict." *Fernandez*, 388 F.3d at 1256 (internal quotation marks omitted).

2. Bonelli also challenges MacMaster's testimony under Federal Rule of Evidence 702 and the Sixth Amendment's Confrontation Clause. Although MacMaster's testimony would have been unnecessary if Bonelli's proffered stipulation had been accepted, the district court acted within its discretion in determining that MacMaster was qualified as an expert. Further, MacMaster's

reliance on hearsay in preparing his opinion was permitted under Federal Rule of Evidence 703 and did not violate Bonelli's rights under the Confrontation Clause.[1]

**3.** Bonelli also challenges his plea colloquy. Bonelli pled guilty to Prohibited Possessor in Possession of Firearms on July 7, 2015. During the plea colloquy, the district court failed to make any inquiry into whether Bonelli's plea was the result of force, threats, or promises made off the record. Because Bonelli did not object to this omission in his plea colloquy, we review for plain error. *United States v. Jimenez-Dominguez*, 296 F.3d 863, 866 (9th Cir. 2002). Plain error is "an 'error' that is 'plain' and that 'affects substantial rights.'" *United States v. Pena*, 314 F.3d 1152, 1155 (9th Cir. 2003). "In order for an error to affect a substantial right, it must be prejudicial, i.e., the error 'must have affected the outcome of the district court proceedings.'" *Jimenez-Dominguez*, 296 F.3d at 867

---

[1]Aside from MacMaster's testimony, Bonelli also challenges assorted testimony or prosecutorial statements 1) referencing the knife carried by Bonelli at the time of the theft or 2) assuring jurors that firearms entered into evidence were "safe." None of these statements were unduly prejudicial under Federal Rule of Evidence 403 or our precedent on prosecutorial misconduct. *See, e.g.*, *United States v. Sanchez*, 659 F.3d 1252, 1257 (9th Cir. 2011) (finding that prosecutorial statement at trial was misconduct when it "urged the jury to convict for reasons wholly irrelevant to [Sanchez's] guilt or innocence."). In his reply brief, Bonelli raises for the first time the argument that the prosecutor should not have used the word "weapon" to refer to firearms. In general, "arguments raised for the first time in a reply brief are waived." *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) (internal quotation marks omitted). We therefore do not address this argument.

(quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). The burden is on the defendant to "make a 'specific showing of prejudice.'" *Id.* (quoting *Olano*, 507 U.S. at 735). The defendant "must thus satisfy the judgment of the reviewing court, informed by the entire record," that there was a "reasonable probability" that he would not have entered the plea "but for the error." *United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005). If there was plain error, the Court may reverse only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Pena*, 314 F.3d at 1155 (internal quotation marks omitted).

The district court's omission of almost any inquiry into the voluntariness of Bonelli's plea was arguably "an 'error' that is 'plain[.]'" *Pena*, 314 F.3d at 1155. However, Bonelli has not alleged that his plea was *in fact* the result of force, threats, or promises. We therefore conclude that the district court's omission did not affect Bonelli's substantial rights. *See Jimenez-Dominguez*, 296 F.3d at 870. While our decision does not turn on it, we note that the 41-month sentence imposed on the count to which Bonelli pleaded guilty ran concurrently with the sentence imposed on the count on which he was convicted by the jury.

4.      Finally, Bonelli contends that the prosecution's withholding of certain evidence or producing evidence at trial constituted a violation of his rights under

6

*Brady v. Maryland*, 373 U.S. 83 (1963). These arguments lack merit. The surveillance tape requested by Bonelli was not in the custody or under the control of the prosecution. "The prosecution is under no obligation to turn over materials not under its control." *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991). The evidence produced by the prosecution near or during trial likewise did not violate *Brady* because it was not exculpatory, was not suppressed by the prosecution, and its late production did not prejudice Bonelli. *See United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2010).

•   ●   •

For the foregoing reasons, the judgment of conviction is

**AFFIRMED.**